This is an appeal from the denial of a petition for post-conviction relief. The appellant, Douglas Garrett, aided by retained counsel, challenges his 1990 conviction for rape in the second degree, alleging that "he was denied effective assistance of counsel and [that he] was not convicted by a unanimous jury of his peers." C.R. 2.
 I
We conclude that the petition for postconviction relief was not barred by the two-year period of limitations of Rule 32.2(c), A.R.Crim.P.
The appellant was convicted on January 3, 1990. That conviction was affirmed on direct appeal. Garrett v.State, 580 So.2d 58 (Ala.Cr.App. 1991). Certiorari review was denied by the Alabama Supreme Court on May 17, 1991. A certificate of judgment was issued that same date, which triggered the running of the two-year limitations period for filing a petition for post-conviction relief under Rule 32, A.R.Crim.P. Dukes v. State, 587 So.2d 1065, 1067
(Ala.Cr.App. 1991); Flanagan v. State, 577 So.2d 559,560-61 (Ala.Cr.App. 1990).
On May 5, 1993, 12 days before the limitations period expired, counsel for the appellant filed a petition styled "petition for relief from conviction and sentence (pursuant to Rule 32, Alabama Rules of Criminal Procedure)." C.R. 1-3. That petition, although verified, was not in the form prescribed by Rule 32. Although the petition itself contained only conclusory allegations, the facts supporting those allegations were set out in the "petitioner's brief in support of his post-conviction motion pursuant to Rule 32, A.R.Crim.P." C.R. 5-20.
On May 21, 1993, the district attorney filed a response, objecting on the grounds, among others, that the petition failed to comply with Rule 32.6(a) in that it was not in the proper form and failed to contain a clear and specific statement of the grounds upon which relief was sought. C.R. 21. The trial court sustained this objection on July 11, 1993.
On July 28, 1993, the circuit court entered the following order:
 "On May 5, 1993, the defendant, through counsel, filed a 'Rule 32' petition. The State of Alabama by and through its Assistant District Attorney filed a response and objection to the defendant's petition. This Court sustained the State's objection o[n] July 11, 1993. The defendant's attorney . . . called this Judge's office on July 11, 1993, indicating he did not understand the Court's order.
 "The Court's order is hereby explained as follows:
 "1. The State's response and objection that the defendant's petition fails to comply with Rule 32.6(a) of the Alabama Rules of Criminal Procedure is SUSTAINED and the defendant's petition is remanded.
 "2. The State's response and objection [states] that the defendant's petition fails to contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis *Page 979 
of those grounds, particularly as to the claim of ineffective assistance of counsel. The defendant's petition is insufficiently pled to meet the Strickland v. Washington, 4[6]6 U.S. 668
[104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), test to allege that counsel's performance was constitutionally ineffective.
 "3. The defendant's petition is precluded by Rule 32.2(a)(3) as raising matters which could have been raised at trial but were not.
 "4. The defendant's petition is precluded by Rule 32.2(a)(5) as raising matters which could have been raised on appeal but were not." C.R. 25-26 [emphasis added].
On August 6, 1993 (26 days after the circuit court sustained the objection of the district attorney and 9 days after the court's order of clarification), the appellant, through counsel, filed another petition for post-conviction relief using the proper form. As with the original "petition," the facts supporting the petition were set out in the "petitioner's brief in support of his post-conviction motion pursuant to Rule 32, A.R.Crim.P." (C.R. 36), which was identical to the brief filed in support of the original petition.
On August 18, 1993, the district attorney filed his "second response" to the "Defendant's Second Petition for Relief from Conviction." C.R. 54.
On August 28, 1993, the circuit court entered the following order:
 "On May 5, 1993, the defendant, through counsel, filed a 'Rule 32' petition. The State of Alabama, by and through its Assistant District Attorney, filed a response and objection to the defendant's petition. This Court sustained the State's objection on July 11, 1993, and further on July 28, 1993, issued an Order that the defendant's petition failed to comply with Rule 32.6(a), that it lacked specificity as to the ineffective assistance of counsel claim, that it was precluded by Rule 32.2(a)(5) as raising matters which could have been raised at trial but were not, and that it was precluded by Rule 32.2(a)(5) as raising matters which could have been raised on appeal but were not.
 "On August 6, 1993, the defendant through his attorney refiled the same petition and attached thereto was the Rule 32 form. The State filed a response thereto and pled the Statute of Limitations and with the exception of failing to comply with Rule 32.6(a) pled the same grounds of preclusion and lack of specifity previously pled.
 "IT IS THEREFORE ORDERED, that the defendant's petition is hereby dismissed. The defendant's petition is barred by the two-year statute of limitations found at 32.2(c) of the Alabama Rules of Criminal Procedure. The petition further fails to contain a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds, particularly as to the claim of ineffective assistance of counsel. The defendant's petition is insufficiently pled to meet the Strickland v. Washington, 4[6]6 U.S. 668
[104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), test to allege that counsel's performance was constitutionally ineffective. The defendant's petition is precluded by Rule 32.2(a)(3) as raising matters which could have been raised at trial but were not. The defendant's petition is precluded by Rule 32.2(a)(5) as raising matters which could have been raised on appeal but were not." C.R. 74-75.
 The circuit court erred in dismissing the petition.
Rule 32.6(a) provides in pertinent part:
 "A proceeding under this rule is commenced by filing a petition, verified by the petitioner or petitioner's attorney, with the clerk of the court. . . . The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form." (Emphasis added.)
Rule 32.2(c), A.R.Crim.P., provides that the "court shall not entertain any petition for relief from a conviction or sentence . . . unless the petition is filed" within the two-year limitations period. The Alabama Rules of Criminal Procedure contain no provision for *Page 980 
any "tolling" of that limitations period. But see Back v.State, 580 So.2d 588, 590 (Ala.Cr.App. 1991) ("[a]fter finding that Back had failed to allege any newly discovered evidence which would tell the applicable statute of limitations, the trial court held that the petition was barred by the two-year statute of limitations").
We hold that the timely filing of a petition for post-conviction relief that is not in the proper form as prescribed by Rule 32, A.R.Crim.P., does "toll" the two-year limitations period of Rule 32.2(c) and that an "amended petition" relates back to the date of the filing of the original petition provided the amended petition is filed within a reasonable time following the order of the court returning the original petition.[1] If the petitioner does not amend his original petition within a reasonable time from the issuance of the order of the court returning the original petition for amendment pursuant to Rule 32.6(a), A.R.Crim.P., the original petition should be dismissed. See Jones v.State, 601 So.2d 1155 (Ala.Cr.App. 1992) ("Upon State's motion, the petition for writ of error coram nobis of defendant is remanded to petitioner with leave to amend and file his petition in the form and manner required by Rule 32.6 of the Alabama Rules of Criminal Procedure. Failure to resubmi[t] of his petition upon appropriate form within thirty (30) days shall result in dismissal of the petition."). See alsoFerguson v. Commercial Bank, 578 So.2d 1234, 1239
(Ala. 1991) (Maddox, J., dissenting) ("Rule 41(b) [A.R.Civ.P.] has been interpreted to mean that a trial court has the inherent power to dismiss a cause for failure to comply with court rules or orders").
In Drayton v. State, 600 So.2d 1088, 1091
(Ala.Cr.App. 1992), this Court stated:
 "When a post-conviction petition seeking relief from conviction or sentence is filed with the circuit court that is not in the proper form as prescribed by Rule 32, notwithstanding the style of the petition, the court should return the petition to the petitioner to allow him to file the proper form. In many instances, the petitioner will not file another petition if he has filed a previous petition or if the limitations period has run because he knows his attempt will be unsuccessful. However, if the petitioner files another petition, which is successive or which is barred by the limitations period, the circuit court will deny the petition. By strictly following this procedure, the petitioner will have opportunity to have his allegations fairly and thoroughly reviewed." (Original emphasis omitted, emphasis added).
"While observance of this requirement may appear to be hypertechnical . . ., the purposes behind Rule 32 call for diligent conformity to the Rule." Nickerson v. State,597 So.2d 762, 763 (Ala.Cr.App. 1992). However, the specific issue that we now address was not presented in Drayton
and Nickerson.
We find that the rule stated in Rodopoulos v. Sam PikiEnters., Inc., 570 So.2d 661, 664 (Ala. 1990), is applicable here:
 "Thus, where the plaintiff attempts through amendment to aver new facts or a new cause of action, beyond the statute of limitations period, which were not included in the original complaint, the amendment is barred. However, where the amendment is merely a more definite statement, or refinement, of a cause of action set out in the original complaint, the amendment relates back to the original complaint in accordance with A.R.Civ.P. 15(c)."
See Cooper v. Thomas, 456 So.2d 280, 283 (Ala. 1984). See also National Distillers Chem Corp. v. AmericanLaubscher Corp., 338 So.2d 1269, 1273-74 (Ala. 1976).[2] *Page 981 
Although the cases discussed in the preceding paragraph concerned the construction and application of a specific rule of the Alabama Rules of Civil Procedure, we find the relation-back principle addressed in those cases applicable to the situation presented in this case.
We base our holding in this case on the particular wording of Rule 32.6(a) that "the court shall return the petition to the petitioner to be amended to comply with the form." (Emphasis added.) A court should return for amendment and not dismiss a petition that is not in the correct form: "If the petition that is filed does not substantially comply with that form, the petition should not be dismissed but should be returned to the petitioner with directions to comply with the requirements of the Rule." H. Maddox, Alabama Rules ofCriminal Procedure § 32.7 at 298 (Supp. 1993), and cases cited therein.
For these reasons, we hold that the appellant's petition was not barred by the limitations period of Rule 32.2(c).
 II
The basis of the appellant's original and amended petitions is the allegation that the jury verdict was not unanimous. The appellant alleges that, since his conviction, two jurors have "expressed a significant degree of uncertainty concerning the guilt of the Petitioner" and "[a]t least two jurors have stated that they were confused by the trial judge's instructions and believed that they must vote with the majority of the other jurors." C.R. 10 (emphasis in original). The appellant alleges that his "trial counsel, who also represented him on appeal, had at least some evidence before filing his appeal that the defendant was convicted by less than a unanimous jury." C.R. 12. The affidavit of juror Johnny Reynolds, attached to the brief in support of the petition, states, in part:
 "I talked to [Cary Dozier], the lawyer for Douglas Garrett a few days later and told him that I thought I was wrong for voting guilty but I didn't think I had a choice. He took a statement from me and told me to go see the judge. I went to see the judge and he thanked me for coming but told me it was too late." C.R. 19.
We agree with the circuit court that relief based on this particular ground is precluded by Rule 32.2(a)(3) because it could have been but was not raised at trial, and by Rule 32.2(a)(5) because it could have been but was not raised on appeal.
 III
However, we disagree with the following finding of the circuit court:
 "The petition further fails to contain a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds, particularly as to the claim of ineffective assistance of counsel. The defendant's petition is insufficiently pled to meet the Strickland v. Washington, 4[6]6 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), test to allege that counsel's performance was constitutionally ineffective."
In his brief in support of his petition, the appellant asserts that the attorney who represented him both at trial and on appeal was ineffective and he identifies several specific acts and omissions that, he claims, constitute ineffective assistance. He contends that counsel "failed to present the issue of due process violations concerning the absence of a unanimous jury verdict to the Court of Criminal Appeals." C.R. 42.
The appellant further asserts that
 "counsel for Mr. Garrett engaged in a course of trial tactics which unquestionably prejudiced Mr. Garrett before the jury. Specifically, Garrett's trial counsel elicited testimony concerning the fact that the defendant *Page 982 
had allegedly committed another rape." C.R. 43.
The appellant also alleges that his "trial counsel injected into evidence testimony concerning prior incidents of alleged sexual contact between the defendant and the alleged victim." C.R. 45. On direct appeal, this Court concluded that the testimony concerning the other rape "almost appears to be invited error" and that the evidence of the prior incidents of sexual contact was invited error. Garrett, 580 So.2d at 60.
The appellant specifically alleged that his counsel's ineffectiveness was prejudicial:
 "In this case, the defendant's trial counsel made numerous errors which resulted in substantial prejudice to the defendant. There is a very reasonable probability that, absent these errors, the jury would have found reasonable doubt concerning the guilt of the defendant." C.R. 42.
The appellant was entitled to an evidentiary hearing because the petition was meritorious on its face and the district attorney did not dispute the merits of the appellant's claim of ineffective assistance of counsel.
 "A claim of ineffective assistance of counsel can be raised in a petition for post-conviction relief. Ex parte Rivers, 597 So.2d 1308, 1310 (Ala. 1991). Here, the petition is meritorious on its face i.e., it contains matters and allegations which, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala. 1985).
 "In Ex parte Williams, [Ms. 1901143, July 17, 1992] [___] So.2d [___] (Ala. 1992), the Alabama Supreme Court stated:
". . . .
 " 'Where such claims appear meritorious on the face of the petition, the court must conduct an evidentiary hearing. See Ex parte Boatwright, 471 So.2d 1257, 1258
(Ala. 1985). A petition is meritorious on its face if "it contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief." Id.
 " 'Here, Williams has made detailed claims relating to ineffective assistance of counsel and newly discovered evidence that, he says, show that he was wrongly convicted. The State did not take issue with the facts alleged by Williams, but responded to his claims by filing a motion to dismiss, arguing that the claims were barred under Rule 20.
 " 'The factual allegations underlying these claims must be reviewed by this Court as true, because they are not refuted by the State. Glover v. State, 531 So.2d 705
(Ala.Cr.App. 1988).' "
Gray v. State, 634 So.2d 1051 (Ala.Cr.App. 1993). We find that the appellant's claim of ineffective assistance of counsel is meritorious on its face.
Therefore, jurisdiction of this cause is transferred to the circuit court with directions that that court set aside its order dismissing the petition for post-conviction relief and conduct an evidentiary hearing at which the appellant's allegations of ineffective assistance of counsel are addressed. At the conclusion of that hearing, the circuit court "shall make specific findings of fact relating to each material issue of fact presented," as required by Rule 32.9(d) and shall grant the appellant whatever relief, if any, is appropriate. Thereafter, the appellant may appeal any adverse judgment that may be entered by the trial court.
APPEAL DISMISSED.
All Judges concur.
[1] In an attempt to provide some guidance in this matter, we suggest that a period of 28 days between the time of the order of the court returning the original petition for amendment pursuant to Rule 32.6(a), A.R.Crim.P., and the filing of the amended petition is not unreasonable. We also suggest that in its order returning the original petition for amendment, the court specify the number of days within which the amendment must be filed.
[2] " 'Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford. Thus, if the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged, such as by specifying particular acts of negligence under a general allegation of negligence, or remedies a defective pleading, will relate back even though the statute of limitations has run in the interim. Similarly, while it is still the rule that an amendment which states an entirely new claim for relief based on different facts will not relate back, if the pleading sufficiently indicates the transaction or occurrence on which the claim or defense is based, amendments correcting specific factual details such as time and place, as well as other items, will relate back.' " National Distillers Chem. Corp. v.American Laubscher Corp., 338 So.2d at 1273-74. *Page 1258