On Rehearing Ex Mero Motu
The opinion of December 21, 2001, is withdrawn, and the following is substituted therefor.
On March 14, 1995, Pat Charest was convicted of first-degree rape, first-degree sodomy, and causing the delinquency, or dependency of a child, or causing a child to be in need of supervision. On May 26, 1995, the trial court sentenced Charest to two consecutive life sentences on the rape and sodomy convictions and to one year in jail on the charge of causing the delinquency of a child. The trial court also fined Charest $10,000. Charest appealed, and this Court affirmed his convictions and sentences, in an unpublished memorandum. Charest v. State, (No. CR-94-1727) 682 So.2d 528 (Ala.Crim.App. 1995) (table). This Court issued a certificate of judgment on February 6, 1996.
On February 6, 1998, Charest, through his attorney, filed a Rule 32, Ala.R.Crim.P., petition. Four days later, Charest filed a pro se Rule 32 petition and exhibits in support of his petition. The State responded on June 25, 1998. On June 28, 1998, Charest's new counsel for the Rule 32 proceedings filed a notice of appearance. On July 20, 1998, the circuit court entered an order on the case action summary. That order stated, "The Petitioner has legal counsel. All future pleadings, briefs, motions, etc. shall be filed by counsel ONLY. Any pro se filings shall be returned to the Petitioner." (C. 2.)
On March 11, 1999, counsel filed a motion to supplement the petition previously filed, although she did not specify which petition she was seeking to supplement. On March 19, 1999, the circuit court held a hearing, and, on April 2, 1999, it entered an order on the case action summary, ordering new counsel to file an amended petition within 30 days. The circuit court also ordered that "[a]ll pleadings, etc. filed before March 19, 1999, are ordered stricken. The Court will proceed on the amended petition and filings after March 19, 1999." (C. 4.) On April 19, 1999, counsel filed a "consolidated" Rule 32 petition. On April 29, 1999, the circuit court held a second hearing.[1] The State responded to the "consolidated" petition on June 22, 1999. On July 8, 1999, the circuit court conducted a hearing on Charest's claims in the "consolidated" petition. On March 10, 2000, the circuit court issued a detailed order denying Charest's petition. On March 22, 2000, Charest filed a pro se "Motion for Re-consideration," which the circuit court apparently never ruled on. This appeal followed.
We note initially that the trial judge did not have the authority to strike *Page 1104 
the timely filed petition of February 6, 1998, and any legitimate amendments thereto; the trial judge did not have the authority to enlarge the two-year limitations period established by Rule 32.2(c); and the trial judge did not have the authority to accept the "consolidated" petition filed on April 19, 1999, as timely. See State v. Hutcherson,847 So.2d 378, 385 (Ala.Crim.App. 2001) ("Rule 32.2(c) is a mandatory, substantive, and jurisdictional provision that a trial court cannot excuse or waive. Thus, [the trial judge] has no authority or jurisdiction to enlarge the time for filing [the petitioner's] postconviction petition.").
Therefore, the circuit court should have addressed only those claims raised in the first petition, which was timely filed on February 6, 1998, and any subsequently filed legitimate amendments to that amendment that relate back to the original petition. See Rodopoulos v. Sam PikiEnters., Inc,., 570 So.2d 661, 664 (Ala. 1990) ("`"[W]here the amendment is merely a more definite statement, or refinement, of a cause of action set out in the original complaint, the amendment relates back to the original complaint in accordance with [Ala.]R.Civ.P. 15(c)."'") (quotingMcCollough v. Warfield, 523 So.2d 374 (Ala. 1988) and quoted with approval in Garrett v. State, 644 So.2d 977, 980 (Ala.Crim.App. 1994)).
In his February 6, 1998, petition, Charest raised the following claims:
 1. That the prosecutor failed to disclose to the defendant evidence favorable to the defendant.
 2. That his constitutional guarantee against being placed in double jeopardy was violated.
 3. That the petit jury was unconstitutionally selected and impaneled.
4. That he was denied the effective assistance of counsel
 a. because trial counsel failed to adequately object to and preserve the issue of whether the prosecution unconstitutionally used its peremptory strikes;
 b. because trial counsel failed to adequately object to and preserve the issue of whether his constitutional guarantee against double jeopardy had been violated;
 c. because trial counsel failed to adequately object to and preserve the issue of whether the trial court had jurisdiction to hear the case because the incidents allegedly had occurred in Florida;
 d. because trial counsel failed to object to testimony that the victim was mentally retarded;
 e. because trial counsel failed to object to expert testimony that the victim's hymenal opening was greater in size following the incident in question;
 f. because trial counsel failed to adequately object to the State's withholding of evidence regarding records of the Alabama Department of Human Resources;
 g. because trial counsel failed to "adequately raise and preserve the issue of the victim's age at the time of the offense" (C. 262);
 h. because trial counsel failed to adequately prepare for trial;
 i. because trial counsel failed to object to the prosecution's comment regarding Charest's decision not to testify;
 j. because trial counsel failed to object to the prosecution's inappropriate use of leading questions when the victim testified;
 k. because appellate counsel "failed to raise the issues in the trial transcript which do appear in the record" (C. 262); *Page 1105 
 l. because appellate counsel failed to "adequately raise and preserve the issue of the victim's age at the time of the offense" (C. 262);
 m. because appellate counsel "failed to consult the defendant in any way about preparing his appeal in the matter" (C. 263); and
 n. because appellate counsel failed to notify Charest of his right to petition the Alabama Supreme Court and the United States Supreme Court for certiorari review.
 5. That the trial court did not have jurisdiction to render judgment or impose sentence on him.
 6. That his sentence exceeds the maximum authorized by law.
 7. That newly discovered facts require the conviction or sentence to be vacated.
On appeal, Charest addresses some of the claims raised in his petition, and he asserts some new claims that were not raised in the circuit court. Those claims that were not timely raised in his petition to the circuit court cannot now be raised on appeal.[2] Arrington v.State, 716 So.2d 237, 239 (Ala.Crim.App. 1997). Those claims that Charest raised in his petition, but did not assert on appeal, have been abandoned.[3] Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App. 1995) (holding that "[w]e will not review issues not listed and argued in brief"). The only claims properly before us are those claims Charest raised in his petition and on appeal and *Page 1106 
those claims that, although not originally raised in the petition, have been asserted on appeal and appear to be jurisdictional.
On appeal, Charest argues the merits of his claims and asserts that his conviction should be reversed. However, we do not reach the merits of his claims because the circuit court has not yet ruled on the claims before us. We remand this cause in order for the circuit court to address the following claims argued by Charest in his brief:
 1. That trial counsel rendered ineffective assistance because he should have objected to Charest's being placed in double jeopardy for being indicted for sexual misconduct in addition to rape and sodomy when the sexual-misconduct charge was based on the same conduct as the rape and sodomy charges.
 2. That trial counsel rendered ineffective assistance because he should have objected to Charest's being given two consecutive life sentences for his convictions for first-degree rape and sodomy.
 3. That appellate counsel rendered ineffective assistance by failing to inform him that he could have petitioned the Alabama Supreme Court for certiorari review of our affirmance of his convictions and sentence.
We remand this cause for the circuit court to allow the State to respond to these claims and for the circuit court to take evidence, if necessary. Due return shall be made to this court within 90 days of the release date of this opinion.
ON REHEARING EX MERO MOTU: OPINION OF DECEMBER 21, 2001, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Wise, J., concur. Shaw, J., concurs in the result. Baschab, J., recuses herself.
[1] The hearing concerned the petitioner's allegation that the assistant district attorney should recuse himself.
[2] The following claims were not preserved for appellate review because they were not first properly presented to the circuit court:
 1. That trial counsel rendered ineffective assistance for failing to move for a judgment of acquittal.
 2. That the circuit court erroneously refused to consider the sufficiency of the evidence based on its belief that the issue of the sufficiency of the evidence had been addressed on appeal.
 3. That trial counsel rendered ineffective assistance for failing to request jury charges "as to lesser included offenses of the offenses charged."
 4. That trial counsel rendered ineffective assistance because he failed to file a motion for a new trial challenging the sufficiency of the evidence.
 5. That appellate counsel rendered ineffective assistance because he failed to argue the sufficiency of the evidence on appeal.
None of these claims were presented in the petition timely filed on February 6, 1998. However, to some extent, all of these claims have been addressed in petitions or supplements filed in the circuit court beyond the expiration of the two-year limitations period on February 6, 1998. However, these claims do not relate back to the original petition because, rather than simply refining the claims in the original petition, they are novel claims and were not asserted in the original petition. Therefore, these claims were not properly before the circuit court and are not properly before this Court.
[3] Charest raised the following claims in his petition, but did not raise them on appeal:
 1. That the prosecutor failed to disclose evidence favorable to the defendant.
 2. That his constitutional guarantee against double jeopardy was violated.
 3. That the petit jury was unconstitutionally selected and impaneled in violation of Batson v. Kentucky, 476 U.S. 79 (1986).
 4. That the trial court did not have jurisdiction to render judgment or to impose sentence on him because the offense, if any, actually occurred in Florida, rather than in Alabama.
 5. That trial counsel failed to adequately object to and preserve the following issues at trial:
 a. the prosecutor's alleged discriminatory use of peremptory strikes to exclude men from the petit jury;
 b. the trial court's alleged lack of jurisdiction over the case because the incidents occurred in Florida;
 c. the introduction of what Charest says was clearly prejudicial and irrelevant evidence, including evidence that the victim was retarded and testimony by the victim's doctor that the victim's hymenal opening was larger after the incident than prior to the incident;
 d. the State's withholding Alabama DHR records; "the issue of the victim's age at the time of the offense" (C. 262);
 e. the prosecutor's improper comments regarding Charest's decision not to testify in his own defense; and
 f. the prosecutor's use of allegedly leading questions during the testimony of the victim.
 6. That trial counsel failed to adequately prepare for trial.
 7. That appellate counsel "failed to raise the issues in the trial transcript which do appear in the record." (C. 262.)
 8. That appellate counsel erroneously failed to raise on appeal "the issue of the victim's age." (C. 262.)
 9. That "appellate counsel failed to consult the defendant in any way about preparing his appeal in this matter." (C. 263.).
* Note from the reporter of decisions: On September 20, 2002, on return to remand the Court of Criminal Appeals affirmed, without opinion. On November 1, 2002, that court denied rehearing, without opinion. On February 21, 2003, the Supreme Court denied certiorari review, without opinion (1020242).