William R. Nesbitt petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals' affirmance of the trial court's dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. We granted Nesbitt's petition to consider whether the Court of Criminal Appeals correctly determined, based on the two issues presented in Nesbitt's appeal to that court, that Nesbitt's Rule 32 petition was due to be dismissed on the basis that the petition had not been filed within the two-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P. Nesbitt v. State, (No. CR-00-2391, Nov. 21, 2001)796 So.2d 458 (Ala.Crim.App. 2001) (table). After considering Nesbitt's arguments, we reverse and remand.
The Court of Criminal Appeals set out the following facts in an unpublished memorandum:
 "The appellant, William R. Nesbitt, appeals from the circuit court's dismissal *Page 229 
of his petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1994 conviction for burglary in the third degree, possession of stolen property in the first degree, possession of burglary tools, and his resulting sentence of life imprisonment. This Court affirmed Nesbitt's conviction on direct appeal, by unpublished memorandum. See Nesbitt v. State, 682 So.2d 525
(Ala.Crim.App. 1995) (table). A certificate of judgment was issued on September 6, 1996.
 "Nesbitt filed this Rule 32 petition on November 1, 2000. The trial court held a hearing on Nesbitt's petition on May 25, 2001, and denied his petition that same day."
The Court of Criminal Appeals thereafter addressed two arguments Nesbitt made on appeal: (1) that the trial court had improperly applied the Habitual Felony Offender Act, and (2) that the trial court had erred in not conducting an evidentiary hearing on his claim alleging prosecutorial misconduct. As to Nesbitt's claim that the trial court improperly applied the Habitual Felony Offender Act, the Court of Criminal Appeals determined that that claim was not a jurisdictional claim, that it was waivable, and that it was therefore subject to the two-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P. That court, based upon the facts as set out in its unpublished memorandum, determined that because Nesbitt had filed his Rule 32 petition on November 1, 2000,[1] some four years after September 6, 1996, the date a certificate of judgment had been entered in his direct appeal, that his time for filing had lapsed and that this claim was barred by Rule 32.2(c). In regard to Nesbitt's claim that the trial court erred in not conducting an evidentiary hearing on his claim of prosecutorial misconduct, in which he specifically contended that Officer Troy Childress had committed perjury during Nesbitt's trial and that this constituted newly discovered evidence, the Court of Criminal Appeals determined that the alleged perjured testimony was not newly discovered evidence pursuant to Rule 32.1(e), Ala.R.Crim.P. The Court of Criminal Appeals further stated that "Nesbitt's contention is nothing more than bare allegations supported by no evidence, not newly discovered evidence." Therefore, it concluded that this claim was likewise barred by the application of Rule 32.2(c).
Upon reviewing Nesbitt's statement of facts contained in his petition, the records maintained by the clerk of the Court of Criminal Appeals, and the record on appeal, we note that the following facts, most of which are not set out in the Court of Criminal Appeals' unpublished memorandum, are pertinent to our review:
1. After a certificate of judgment had been issued in Nesbitt's direct appeal on September 6, 1996, he, acting pro se, filed a Rule 32 petition in the Circuit Court of Baldwin County on February 2, 1998, within the two-year limitations period of Rule 32.2(c). On May 26, 1998, Nesbitt filed an amended Rule 32 petition. On November 20, 1998, Nesbitt filed arguments in support of his Rule 32 petition. On June 18, 1999, the trial court denied Nesbitt's petition. Nesbitt filed a notice of appeal to the Court of Criminal Appeals on July 6, 1999.
2. On January 28, 2000, the Court of Criminal Appeals affirmed the trial court's denial of Nesbitt's Rule 32 petition in an unpublished memorandum. However, on *Page 230 
August 8, 2000, that court issued an order that stated:
 "It is ORDERED that the certificate of judgment issued in this cause on February 24, 2000, be recalled and this cause placed on rehearing ex mero motu.
 "It is further ORDERED that this Court's memorandum of January 28, 2000, be and the same is hereby withdrawn and the following is substituted therefor.
 "This case is before this Court on application for rehearing ex mero motu from this Court's affirmance of the circuit court's dismissal/denial of his postconviction petition filed pursuant to Rule 32, Ala.R.Crim.P. Nesbitt v. State, 805 So.2d 787
(Ala.Crim.App. 2000). This Court has determined that no filing fee was paid in circuit court nor was the appellant granted in forma pauperis status. (See C.R. 1-2, 92, 194.) This Court held in Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App. 1997), that absent the payment of a filing fee or the granting of [an] in forma pauperis request the circuit court fails to obtain subject matter jurisdiction to consider a postconviction petition. Because the circuit court did not have jurisdiction to consider the petition, this Court has no jurisdiction to consider this appeal. The circuit court's order of June 18, 1999, is hereby set aside for lack of jurisdiction.
 "For the foregoing reasons, it is hereby now ORDERED that this appeal be and is hereby dismissed.
 "Lastly, it is ORDERED that the application for rehearing in this cause be and the same is hereby overruled."
3. On October 4, 2000, Nesbitt filed a motion entitled "Motion for Order Permitting Petitioner to Refile Post-Conviction Petition Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure." That motion stated:
 "Comes now the petitioner in the above Cause and requests this honorable court to issue an ORDER granting permission to refile his `Rule 32 Petition,' and instruct the Clerk of Court to file/docket same, and to assign said petition to a judge other than Judge Lyn Stuart, as Judge Stuart will be called as a witness in this Cause.
 "Petitioner requests the ORDER based on the Alabama Court of Criminal Appeals['] ruling dated 8/8/00, in which that court held that the Baldwin County Circuit Court failed to act on petitioner's original [in] forma pauperis application, and therefore the court did not acquire subject matter jurisdiction to proceed with the hearing of the petition or the entering of judgment in this Cause. (SEE Nesbitt v. State, CR-98-2029, Order of 8/8/00).
 "Petitioner, therefore, requests permission to `refile' the petition, complete with [in] forma pauperis declaration and motion for appointment of counsel, and specifically requests this court to grant the [in] forma pauperis application (when filed) and instruct the Clerk of Court to enter that status on the official record (case action summary sheet) so that the refiled petition is not also later declared a nullity by the Court of Criminal Appeals.
 "WHEREFORE, premises shown, petitioner requests an ORDER from this court permitting him to refile said petition within the next thirty days from the date of this court's ORDER permitting refiling."[2] *Page 231 
On October 27, 2000, Nesbitt filed a "Notice of Refiling of Original Proceedings Under Alabama Rules of Criminal Procedure, Rule 32," that stated, in pertinent part:
 "Comes now the petitioner in this Cause and serves notice that the present filing is a continuation of the original filing entered into the record February 2, 1998 and that such refiling is made pursuant to the ORDER of the Alabama Court of Criminal Appeals dated August 8, 2000[,] vacating previous judgment and proceedings in this Cause, said judgment entered by this court on June 18, 1999."
(Emphasis added.) Also, on that same day, Nesbitt filed a motion for leave to proceed in forma pauperis, his "refiled" Rule 32 petition, and a memorandum in support of his petition. The petition presented 16 claims, which included the claim that the trial court had improperly applied the Habitual Felony Offender Act and the claim of prosecutorial misconduct based upon the use of perjured testimony, the two claims addressed by the Court of Criminal Appeals. The trial court thereafter acted on Nesbitt's Rule 32 petition and filings by granting his motion to proceed in forma pauperis on November 28, 2000, and by entering a December 1, 2000, order setting a hearing on the petition.
The State filed a response to Nesbitt's petition on December 7, 2000, to which Nesbitt filed a reply on December 12, 2000. After granting two motions for a continuance, the trial court conducted a hearing on Nesbitt's petition on May 25, 2001, after which it entered an order dismissing Nesbitt's petition that same day. Specifically, as to the two claims addressed in the Court of Criminal Appeals' unpublished memorandum, the trial court found that those claims were precluded because they could have been, but were not, raised during Nesbitt's direct appeal pursuant to Rule 32.2(a)(5), Ala.R.Crim.P. On July 5, 2001, Nesbitt filed a notice of appeal to the Court of Criminal Appeals.
Based upon our consideration of these facts, we conclude that the Court of Criminal Appeals erred in determining that the two claims Nesbitt presents in his appeal were barred by application of the two-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P. As the additional facts we have set out show, this was not a case of Nesbitt's simply filing his Rule 32 petition some four years after the certificate of judgment in his direct appeal had been entered. Rather, Nesbitt had filed a timely Rule 32 petition in 1998, and the subsequent procedural events, including the Court of Criminal Appeals' August 8, 2000, order dismissing the appeal and setting aside the trial court's judgment all flowed out of the 1998 petition.
After considering Nesbitt's motion to "refile" and his notice of "refiling" his Rule 32 petition and the attendant circumstances presented in this case, we conclude that the October 27, 2000, Rule 32 petition was not a separate and distinct filing to which the Court of Criminal Appeals could look to determine that the petition was filed outside the two-year limitations period set out in Rule 32.2(c). Rather, that petition was, as stated by Nesbitt, a "continuation" of the timely filed 1998 petition. As a valid amended, or "continued," petition, obviously accepted by the trial court as such, Nesbitt's October 27, 2000, Rule 32 petition related back to his timely filed 1998 petition. See Garrett v. State,644 So.2d 977, 980 (Ala.Crim.App. 1994) ("We hold that the timely filing of a petition for post-conviction relief that is not in the proper form as prescribed by Rule 32, [ Ala.R.Crim.P.], does `toll' the two-year limitations period of Rule 32.2(c) and that an `amended petition' relates back to the *Page 232 
date of the filing of the original petition provided the amended petition is filed within a reasonable time following the order of the court returning the original petition." (footnote omitted)). We note that for aught that appears, Nesbitt filed a Rule 32 petition that was in the proper form with the exception of the trial court's proceeding on the petition without having first granted Nesbitt in forma pauperis status or collecting a filing fee. The trial court's actions in this regard should not prevent Nesbitt's petition from being addressed by the Court of Criminal Appeals on the ground that it was filed outside the two-year limitations period.
Further, by virtue of the Court of Criminal Appeals' August 8, 2000, order, the trial court's order on Nesbitt's 1998 petition was set aside for lack of jurisdiction. Because that order set aside the trial court's judgment, there had been no entry of judgment on Nesbitt's petition. Rule 32.7(b), Ala.R.Crim.P., states that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment," and Rule 32.7(d) states that "[l]eave to amend shall be freely granted." (Emphasis added.) The application of these rules was observed in Ex parteAllen, 825 So.2d 271 (Ala. 2002), where this Court stated:
 "Leave to amend a Rule 32 petition is within the discretion of the trial court, and it should be freely granted. Rule 32.7(d), Ala.R.Crim.P.; see, e.g., Talley v. State, 802 So.2d 1106, 1107 (Ala.Crim.App. 2001). However, Rule 32.7(b) plainly states that amendments are allowed at any time `prior to the entry of judgment.'"
825 So.2d at 273. Thus, the trial court's allowing Nesbitt to "refile," or amend, his petition after the Court of Criminal Appeals had set aside its previous judgment, with no entry of judgment having been entered, was appropriate. Accordingly, the Court of Criminal Appeals erred in determining that Nesbitt's claims were precluded by the application of Rule 32.2(c)'s two-year limitations period.
The Court of Criminal Appeals' judgment is due to be reversed, and this cause is remanded to that court for it to proceed in a manner consistent with this opinion.
REVERSED AND REMANDED*.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, and Woodall, JJ., concur.
Stuart, J., recuses herself.**
[1] We note that the date stamped on Nesbitt's petition showing that it had been filed with the Baldwin Circuit Court's clerk was October 27, 2000. We will consider the petition to have been filed on that date.
[2] The trial court granted Nesbitt's request, although belatedly, by noting "granted" on the face of the motion on January 4, 2001.
* Note from the reporter of decisions: On August 16, 2002, on remand from the Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On September 6, 2002, the Court of Criminal Appeals denied rehearing, without opinion. On November 8, 2002, the Supreme Court denied certiorari review, without opinion (1012283).
** Justice Stuart was the trial judge in this case.