SHAW, Judge,
concurring in part and dissenting in part.
I agree that the petitioner has failed to establish a clear legal right to the discovery of law-enforcement records from 17 different law-enforcement agencies. However, I disagree with the majority’s conclusion that the petitioner has established a clear legal right to the discovery of demographic information of grand and petit juries in Tuscaloosa County from 1978 through 1995 based on his claim of ineffective assistance of trial counsel.
It appears that the majority is granting the mandamus petition based on the petitioner’s claim that his trial counsel was ineffective for allegedly not properly investigating and presenting evidence to the trial court of what the petitioner says was the systematic underrepresentation of African-Americans on grand and petit jury venires in Tuscaloosa County. The State argues that this claim is time-barred by Rule-82.2(c), Ala.R.Crim.P., because it was raised for the first time in the petitioner’s untimely filed third amended petition. The petitioner argues that he raised this claim in his timely filed second amended petition. As the majority correctly recognizes, the second amended petition is not included as an exhibit before this Court; thus, we cannot determine what issues were raised in that petition. The majority nevertheless concludes that his ineffective-assistanee-of-trial-counsel claim “relate[s] back” to one of the timely filed petitions (although the majority does not identify which one) because, it concludes, the petitioner “has submitted exhibits that appear to support his allegation that the claim[ ] related back.” 894 So.2d at 767-68.
In his original petition, the petitioner alleged four claims relating to the alleged underrepresentation of African-Americans on venires in Tuscaloosa County: (1) that the trial court erred in denying his motion to quash the venire on the ground that there was significant underrepresentation of African-Americans on his venire; (2) that the trial court erred in denying his motion for funds to hire an expert to investigate the composition of grand and .petit jury venires in Tuscaloosa County; (3) that his appellate counsel was ineffective for not raising on direct appeal the trial court’s denial of his motion to quash the venire; and (4) that his appellate counsel was ineffective for not raising on direct appeal the trial court’s denial of his motion for funds.
In Garrett v. State, 644 So.2d 977, 980 (Ala.Crim.App.1994), and again in Charest v. State, 854 So.2d 1102, 1104 (Ala.Crim.App.2002), this Court adopted the following rule from Rodopoulos v. Sam Piki Enters., Inc., 570 So.2d 661 (Ala.1990):
“ ‘ “Thus, where the plaintiff attempts through amendment to aver new facts or a new cause of action, beyond the statute of limitations period, which were not included in the original complaint, the amendment is barred. However, where the amendment is merely a more definite statement, or refinement, of a cause *772 of action set out in the original complaint, the amendment relates back to the original complaint in accordance with A.R.Civ.P. 15(c).” ’ ”
570 So.2d at 664, quoting McCollough v. Warfield, 523 So.2d 374, 375 (Ala.1988), quoting in turn Cooper v. Thomas, 456 So.2d 280, 283 (Ala.1984). The petitioner’s ineffective-assistance-of-trial-counsel claim is not just a “more definite statement, or refinement” of his substantive and ineffective-assistanee-of-appellate-counsel claims raised in his original petition. Although based on the same underlying facts — i.e., the alleged underrepresentation of African-Americans on grand and petit venires in Tuscaloosa County — the ineffective-assistance-of-trial-counsel claim is an entirely new claim, in essence, a “new cause of action.” Therefore, I do not believe it relates back to any of the claims the petitioner had timely raised in his original petition.
In my view, the petitioner has failed to establish a clear legal right to the discovery he requests based on his ineffeetive-assistance-of-trial-counsel claim. Because it appears that the majority is granting the mandamus petition based solely on this claim, I respectfully dissent from that portion of the opinion. I express no opinion as to whether the petitioner would be entitled to the discovery based on his claims of ineffective assistance of appellate counsel.

On Applications for Rehearing

PER CURIAM.
In Ex parte Mack, 894 So.2d 764 (Ala.Crim.App.2003), this Court granted a petition for a writ of mandamus in part and denied the petition in part and directed Judge Charles R. Malone to allow discovery of demographic information regarding grand and petit jurors from 1978 through 1995 in Tuscaloosa County so that Albert Mack III could examine that information for support of his claims that his counsel’s performance was deficient in failing to object to the composition of the grand jury that indicted Mack. The State argued that Mack’s ineffeetive-assistanee-of-counsel claims were proeedurally barred because they were filed outside the limitations period and because the claim did not relate back to an earlier filed amended petition. In granting the petition in part we noted that neither the State nor Mack submitted a copy of the second amended petition; therefore, we could not say, based on the information before this Court at that time, whether Mack’s claims were raised in an untimely amended petition.
On rehearing, the State has submitted a copy of the second amended petition and argues that the claims of ineffective assistance of counsel did not relate back to an earlier petition; therefore, the trial court correctly denied discovery of the demographic information regarding the grand and petit jurors. This information is new; it was not filed with the State’s answer to the mandamus petition and this Court was not privy to it when it granted the petition in part. As the Alabama Supreme Court has stated:
“The well-settled rule of this Court precludes consideration of arguments made for the first time on rehearing. See Ex parte Lovejoy, 790 So.2d 933, 938-39 (Ala.2000), where this Court stated:
“ ‘Vesta raises for the first time in its application for rehearing the argument that it is a third-party beneficiary of the retail installment contract between Lovejoy and Allen Motor Company. “We can not sanction the practice of bringing up new questions for the first time, in an ex parte application for rehearing.” Robinson v. Allison, 97 Ala. 596, 604, 12 So. 604 (1893) (on application for rehearing). *773 We cannot sanction the practice of bringing up new questions for the first time in application for rehearing.” Kirkland v. Kirkland, 281 Ala. 42, 49, 198 So.2d 771, 777 (1967) (on application for rehearing). “We cannot sanction the practice of bringing up new questions for the first time in applications for rehearing.” Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 735, 310 So.2d 210, 212 (1975) (on application for rehearing). “New supporting arguments presented for the first time on rehearing generally will not be considered.” Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251, 253 (Ala.1985) (on application for rehearing). “[T]his argument was raised for the first time on application for rehearing, and therefore will not be considered.” Schulte v. Smith, 708 So.2d 138, 141 n. 2 (Ala.1997) (on application for rehearing).’
‘We are constrained to deny the application.”
Water Works & Sewer Bd. of the City of Selma v. Randolph, 833 So.2d 604, 608-09 (Ala.2002) (opinion on application for rehearing).
For the reasons stated above these applications for rehearing are due to be, and are hereby, overruled.
APPLICATIONS FOR REHEARING OVERRULED.
MeMILLAN, P.J., and BASCHAB and WISE, JJ., concur; COBB and SHAW, JJ., dissent.