Mark Allen Jenkins was convicted in March 1991 of two counts of capital murder in the death of Tammy Hogeland, i.e., murder during a robbery in the first degree and murder during a kidnapping in the first degree. The jury recommended, by a vote of 10 to 2, that Jenkins be sentenced to death. The trial court followed its recommendation. On direct appeal, the Court of Criminal Appeals affirmed Jenkins's convictions and sentence. See Jenkins v. State, 627 So.2d 1034
(Ala.Crim.App. 1992), aff'd, 627 So.2d 1054 (Ala. 1993).
Jenkins timely filed a postconviction petition pursuant to Rule 32, Ala. R.Crim. P., in May 1995. He filed an amended petition in April 1997, after the then applicable two-year period for filing set forth in Rule 32.2(c) had expired.[1] After an evidentiary hearing, the trial court denied the petition. Jenkins appealed. The Court of Criminal Appeals affirmed the judgment denying postconviction relief. Jenkins v.State, 972 So.2d 111 (Ala.Crim.App. 2004). Jenkins then petitioned this Court for certiorari review. We granted Jenkins's petition to consider that aspect of the judgment of the Court of Criminal Appeals holding that a claim asserted in a Rule 32 petition is time-barred unless that claim satisfies the requirements for relation back, borrowed from Rule 15(c), Ala. R. Civ. P., and relates back to the date of the filing of the original Rule 32 petition. Jenkins argues that the Court of Criminal Appeals improperly applied principles taken from the Alabama Rules of Civil Procedure to the Alabama Rules of Criminal Procedure. We agree, and, as to that aspect of the Court of Criminal Appeals' judgment, we reverse.
The Court of Criminal Appeals' opinion states the following facts concerning the murder of Tammy Hogeland: *Page 161 
 "At trial, the State's evidence tended to show that on April 21, 1989, a truck driver discovered Tammy Hogeland's nude body on the side of a highway near Birmingham, Alabama. Forensic tests showed that Hogeland died as a result of manual strangulation. Hogeland was last seen on April 18, 1989, at the Tenth Avenue Omelet Shoppe restaurant in Birmingham were she was working as a waitress. Some of the jewelry Hogeland had been wearing when she was last seen was missing when her body was discovered.
 "At about 2:00 a.m. on April 18, 1989, a witness saw a red sports car, driven by Jenkins, enter the parking lot of the Omelet Shoppe. Sara Harris, an employee of the Omelet Shoppe, testified that she saw the victim drive off with Jenkins. Later that morning two witnesses saw Jenkins at a gasoline service station off 1-59. They said that a female was also in the car and that she appeared to be `passed out.' These two witnesses left the service station and Jenkins also left the station and followed them on 1-59. They saw Jenkins pull off of 1-59 in an area near where Hogeland's body was later discovered."
Jenkins v. State, 972 So.2d at 119-20 (footnote omitted).
Jenkins's initial Rule 32 petition was timely filed. It raised claims of ineffective assistance of counsel and violations ofBrady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), as well as other claims that were determined to be procedurally barred. Jenkins's amended Rule 32 petition added a claim of juror misconduct: Jenkins alleged that a juror in his trial failed to disclose during voir dire that two of her close relatives had been brutally murdered. The juror testified at the Rule 32 hearing that her only nephew had been murdered before she qualified as a juror in Jenkins's trial. Jenkins states that press accounts of that crime show that both the juror's nephew and his wife were murdered execution-style. The trial court denied relief on the juror-misconduct claim on the ground that it could have been, but was not, raised on appeal.
The Court of Criminal Appeals noted that Jenkins's juror-misconduct claim was raised for the first time in the amended petition, which was filed beyond the then two-year limitations period for filing a Rule 32 petition. Relying onCharest v. State, 854 So.2d 1102 (Ala.Crim.App. 2002), the Court of Criminal Appeals held that the juror-misconduct claim presented in the amended petition would be considered timely only if it related back to a claim raised in the timely original petition; it concluded that Jenkins's original petition had included "no claim even remotely related to the venire members' failure to truthfully answer questions during voir dire examination." 972 So.2d at 121. Because the limitations period in Rule 32.2(c), Ala. R.Crim. P., is mandatory and jurisdictional, the court said, the trial court could not consider a nonjurisdictional claim filed beyond the limitations period; therefore, the court held that Jenkins's juror-misconduct claim was barred by the expiration of the limitations period of Rule 32.2(c).
In Charest v. State, the Court of Criminal Appeals employed an analysis of the relation-back doctrine drawn from Rule 15, Ala. R. Civ. P.:
 "[T]he circuit court should have addressed only those claims raised in the first petition, which was timely filed on February 6, 1998, and any subsequently filed legitimate amendments to that [petition] that relate back to the original petition. See Rodopoulos v. Sam Piki Enters., Inc., 570 So.2d 661, 664 (Ala. 1990) ('"`[W]here the amendment is *Page 162 
merely a more definite statement, or refinement, of a cause of action set out in the original complaint, the amendment relates back to the original complaint in accordance with [Ala.] R. Civ. P. 15(c).'"') (quoting McCollough v. Warfield, 523 So.2d 374
(Ala. 1988), and quoted with approval in Garrett v. State, 644 So.2d 977, 980 (Ala.Crim.App. 1994))."
854 So.2d at 1104. In Garrett v. State, 644 So.2d 977
(Ala.Crim.App. 1994), the only case we have found in which the Court of Criminal Appeals applied the relation-back doctrine before it did so in Charest, the court held that a petitioner who had filed a Rule 32 petition that was not in the proper form should be allowed to amend his petition to comply with the requirements of Rule 32, and that his amended petition would relate back to the filing of the original petition and thus would not be barred by the limitations period of Rule 32.2(c). The court stated in Garrett: "Although the cases [discussing the relation-back doctrine] in the preceding paragraph concerned the construction and application of a specific rule of the Alabama Rules of Civil Procedure, we find the relation-back principle addressed in those cases applicable to the situation presented in this case." 644 So.2d at 981.
Jenkins argues that Rule 32.7(b), Ala. R.Crim. P., permits an amendment to a Rule 32 petition without incorporating the limitations of the doctrine of relation back. Rule 32.7(b) states: "Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." Furthermore, Jenkins notes that Rule 32.7(d) provides: "Leave to amend shall be freely granted." Jenkins maintains that the wording of Rule 32.7 clearly indicates that the relation-back doctrine should not impede a petitioner's ability to file an amendment to a Rule 32 petition that asserts claims that were not raised in the original petition. Jenkins also points to Rule 32.4, which provides that Rule 32 proceedings "shall be governed by the Rules of Criminal Procedure." (Emphasis added.) If Rule 32 proceedings are governed by the Rules of Criminal Procedure, Jenkins argues, then principles taken from the Rules of Civil Procedure do not apply in Rule 32 proceedings.
The State argues in its brief to this Court that the Court of Criminal Appeals, in analyzing Jenkins's juror-misconduct claim under the relation-back doctrine, "followed a long line of state and federal precedent that has analogized to the relation-back principles of Rule [15, Ala. R. Civ. P.,] in determining whether amendments to Rule 32 petitions are appropriate." The only Alabama criminal cases the State cites, however, are Charest and Garrett. The State is correct that most federal courts apply the relation-back principles of Rule 15(c), Fed.R.Civ.P., to habeas corpus proceedings. See, e.g., Davenport v. United States,217 F.3d 1341 (11th Cir. 2000). The State's reliance on federal precedent is misplaced, however, because federal habeas corpus proceedings are considered civil cases, and, consequently, it is appropriate to apply the Federal Rules of Civil Procedure to those cases. See, e.g., Fama v.Commissioner of Correctional Servs., 235 F.3d 804 (2d Cir.2000). See also Rule 11, Rules Governing § 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." (Emphasis added.)) Although, as previously noted, Rule 32 postconviction proceedings in Alabama are considered civil in nature, Rule 32.4 specifically mandates that Rule 32 proceedings are governed by the Rules of Criminal
Procedure. As Justice Stuart *Page 163 
explained in her dissent in Ex parte Hutcherson,847 So.2d 386, 389 (Ala. 2002) (Stuart, J., dissenting):
 "[W]hile a Rule 32 proceeding for postconviction relief is considered to be civil in nature, such a proceeding is distinct from a typical civil case. Rule 32, Ala. R.Crim. P., provides a defendant a method by which to seek postconviction relief; therefore, the rights to be accorded a defendant during a Rule 32 proceeding and the procedures pursuant to which such a proceeding is conducted are based upon the rule and caselaw."
847 So.2d at 389-90 (citation omitted).
This Court recently examined the principles applicable to the amendment of Rule 32 petitions in Ex parte Rhone,900 So.2d 455 (Ala. 2004). In Rhone, the petitioner moved to amend his Rule 32 petition 16 days after the trial court had received the original petition. In denying the petition, the trial court addressed only the claims in the original petition. The Court of Criminal Appeals affirmed the denial, holding that the trial court had not exceeded its discretion in failing to address the claims in the amendment to Rhone's petition because "Rhone failed to meet his initial burden of showing diligence in filing the amendment or that the facts underlying the amendment were unknown to him before filing his original petition." Rhone v. State, 900 So.2d 443, 448
(Ala.Crim.App. 2004). This Court granted certiorari review to consider Rhone's contention that the Court of Criminal Appeals' decision conflicted with the well-established principle stated by this Court in Ex parte Allen, 825 So.2d 271, 273
(Ala. 2002), that although "[l]eave to amend a Rule 32 petition is within the discretion of the trial court, . . . it should be freely granted."
In considering the nature of the factors that would provide a proper basis upon which a trial court could exercise the discretion to disallow an amendment to a Rule 32 petition, this Court stated in Ex parte Rhone that "it is clear that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition." 900 So.2d at 458. We concluded in Rhone that the Court of Criminal Appeals erred in imposing upon a Rule 32 petitioner an "initial burden" to show diligence in filing the amendment or that the facts underlying that amendment were unknown when the original petition was filed. We stated: "Such a burden is clearly inconsistent with the mandate of this Court, as expressed in both its decisions and in Rule 32, that leave to amend should be freely granted." 900 So.2d at 458-59.
This Court also responded in Ex parte Rhone to the Court of Criminal Appeals' statement that the only alternative to its holding in Rhone v. State would be "`to allow a petitioner the unfettered right to amend his Rule 32 petition.'" 900 So.2d at 459. We responded:
 "That statement, however, is not correct. The right to amend is limited by the trial court's discretion to refuse an amendment based upon factors such as undue delay or undue prejudice to the opposing party. That limitation is, in this Court's opinion, sufficient to protect the rights of the parties, while allowing the trial court sufficient control over the management of its docket."
900 So.2d at 459. The State makes a similar argument in its brief in this case. If we do not apply the doctrine of relation back to Rule 32 proceedings, the State argues, "the result would be piecemeal, unpredictable litigation and effective obliteration of the limitation period in Rule 32.2(c)." The State further argues:
 "A convict could file a simple, one-claim Rule 32 petition, days after his conviction *Page 164 
has become final, and then repeatedly amend the petition to add entirely new claims for as long as it takes the trial court to reach final judgment."
As we held in Ex parte Rhone, however, a petitioner does not have the unfettered right to file endless amendments to a Rule 32 petition. The right to amend is limited by the trial court's discretion to refuse to allow an amendment if the trial court finds that the petitioner has unduly delayed filing the amendment or that an amendment unduly prejudices the State. Such an exercise of the trial court's discretion would certainly be appropriate, for example, if, on the eve of an evidentiary hearing, a Rule 32 petitioner filed an amendment that included new claims of which the State had no prior notice and as to which it was not prepared to defend.
We emphasize that the concepts of "undue delay" and "undue prejudice" as discussed in this opinion and in Ex parteRhone apply to the trial court's management of its docket and to the petitioner's attention to his or her case. Those concepts cannot be applied to restrict the petitioner's right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.
The United States Supreme Court has made it clear that neither the Eighth Amendment nor the Due Process Clause of the United States Constitution requires states to appoint counsel for inmates, including death-row inmates, who seek post-conviction relief in state courts. Murray v. Giarratano,492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). See also Mayes v.State, 563 So.2d 38 (Ala.Crim.App. 1990). Because most Rule 32 petitioners file their petitions without the assistance of legal counsel, they could encounter serious problems if the relation-back doctrine was applied to Rule 32 petitions.
The Alabama Rules of Criminal Procedure permit a trial court to appoint counsel to represent an indigent petitioner in a postconviction proceeding if it "appears that counsel is necessary to assert or protect the rights of the petitioner." Rule 32.7(c), Ala. R.Crim. P. Such an appointment occurs only after a petition has been filed. Therefore, inmates who are unable to find counsel to represent them before the limitations period for filing a Rule 32 petition expires, including inmates who are mentally ill, illiterate, or mentally retarded, must determine the date by which they must file their Rule 32 petition and prepare and file a petition in the proper form with the proper claims in the proper court. In 2002, this Court amended Rule 32, Ala. R.Crim. P., to reduce the limitations period for filing a Rule 32 petition from two years to one year. Because most Rule 32 petitioners are imprisoned, those petitions are often based on a preliminary and restricted investigation of the claims asserted. Furthermore, an incarcerated inmate who does not have legal counsel is obviously hampered in his or her ability to interview witnesses, to gather records, to investigate factual questions, and to conduct legal research. A strict application of the doctrine of relation back to prohibit reasonable amendments to Rule 32 petitions could exacerbate these problems.
Given the direction in the Alabama Rules of Criminal Procedure that amendments to Rule 32 petitions are to be allowed at any time before the trial court enters a judgment, Rule 32.7(b), and that leave to amend is to be freely granted, Rule 32.7(d), we conclude that a restriction on a Rule 32 petitioner's right to file an amendment by applying principles found in the Alabama Rules of Civil Procedure, such as the relation-back doctrine, should be the subject of careful consideration by the Standing Committee on the Alabama Rules of Criminal Procedure. We decline to rewrite the Rules of Criminal Procedure *Page 165 
by sanctioning the incorporation of the relation-back doctrine into those rules when nothing of that nature presently appears in them.
To the extent that the following cases applied the relation-back doctrine to proceedings governed by Rule 32, Ala. R.Crim. P., we overrule those cases: Harris v. State,947 So.2d 1079 (Ala.Crim.App. 2004); McWilliams v.State, 897 So.2d 437 (Ala.Crim.App. 2004); Giles v.State, 906 So.2d 963 (Ala.Crim.App. 2004); Ex parteMack, 894 So.2d 764 (Ala.Crim.App. 2003); DeBruce v.State, 890 So.2d 1068 (Ala.Crim.App. 2003); Charest v.State, 854 So.2d 1102 (Ala.Crim.App. 2002); and Garrettv. State, 644 So.2d 977 (Ala.Crim.App. 1994).[2]
We reverse the judgment of the Court of Criminal Appeals insofar as it held that Jenkins's claim of juror misconduct, presented for the first time in his amended petition, could not be considered because it did not relate back to his original petition, and we remand the cause for further proceedings consistent with this opinion. We affirm the judgment of the Court of Criminal Appeals insofar as it affirmed the trial court's denial of the other claims presented in Jenkins's Rule 32 petition.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NABERS, C.J., and SEE, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] Rule 32.2(c), Ala. R.Crim. P., was amended effective August 1, 2002, to provide that in the case of a conviction appealed to the Court of Criminal Appeals a petitioner now has one year from the date on which that court issues its certificate of judgment in which to file a Rule 32 petition.
[2] We note that in Ex parte Nesbitt, 850 So.2d 228
(Ala. 2002), this Court quoted from Garrett v. State
and held that under the circumstances presented inNesbitt, a Rule 32 petition that was "refiled" was a valid amendment to a timely filed Rule 32 petition. We stated in Nesbitt: "As a valid amended, or `continued,' petition, obviously accepted by the trial court as such, Nesbitt's October 27, 2000, Rule 32 petition related back to his timely filed 1998 petition." 850 So.2d at 231. We did not address in Nesbitt the merits of the question whether the relation-back doctrine was appropriately applied to Rule 32 proceedings.