I concur in the result reached in the unpublished memorandum affirming the trial court's denial of Johnny C. Edwards's motion for a new trial. I disagree, however, with the analysis by which that result is reached; therefore, I write separately. *Page 788 
On September 28, 2006, Edwards was convicted of first-degree sexual abuse, a violation of § 13A-6-66, Ala. Code 1975. On November 7, 2006, he was sentenced to eight years' imprisonment and was ordered to pay various fines and fees. On November 14, 2006, he filed a pro se motion for a new trial. On November 28, 2006, new counsel entered a notice of appearance. On January 7, 2007, the parties agreed on the record to hold the hearing on the motion for a new trial on February 7, 2007. Also on January 7, 2007, defense counsel — who did not represent Edward's at trial — asserted that in lieu of a written transcript of the trial, it would be "sufficient" for his preparation to listen to the audiotape of the trial. (Supp. Record at p. 3.) On February 6, 2007, defense counsel filed an amended motion for a new trial. That motion included, for the first time, claims of ineffective assistance of counsel. A hearing on the motion was conducted on February 7, 2007. The motion was denied on the same day. Edwards filed a timely notice of appeal to this Court on March 5, 2007.
Edwards argues on appeal that the circuit court denied his right to due process when his newly appointed appellate counsel was required to argue posttrial motions without the benefit of a trial transcript. Citing Ex parte Ingram,675 So.2d 863, 866 (Ala. 1996), the unpublished memorandum states in its memorandum:
 "`[A]n ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R.Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.
 "`When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R.Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R.Crim. P., petition for post-conviction relief.'"
Based on Ingram, the unpublished memorandum then affirms the ruling on the merits, stating that "Edwards was not denied due process, and he provide[d] no basis for a finding by this court that the trial court abused its discretion in denying his motion for new trial."
I would affirm the trial court's ruling, but I would do so because Edwards did not timely raise his ineffective-assistance-of-counsel claim. I believe thatIngram, as quoted in the unpublished memorandum, requires an ineffective-assistance-of-counsel claim to be raised within 30 days of sentencing. I do not believe thatIngram allows an ineffective-assistance-of-counsel claim to be raised in an amended motion filed more than 30 days after sentencing. Lowery v. State, 340 So.2d 830, 834
(Ala.Crim.App. 1976)("[A]fter the expiration of thirty days from the rendition of a final judgment, no additional grounds can be assigned to a motion for a new trial filed within the thirty-day period that are not germane to, or merely elaborative of, grounds previously assigned.").
I am aware that the Alabama Supreme Court has held that the "relation-back doctrine" is not a barrier to amending a Rule 32, Ala. R.Crim. P., petition. However, that Court noted that Rule 32 specifically provides that amendments shall be freely granted. See Ex parte Jenkins, 972 So.2d 159
(Ala. 2005). I do not believe the holding in Jenkins
extends to a motion for a new trial. *Page 789