Andrew Anthony Apicella appeals from the summary dismissal of the petition for postconviction relief he filed pursuant to Rule 32, Ala. R.Crim. P. Based on binding precedent from the Alabama Supreme Court, Ex parte Tomlin, 909 So.2d 283
(Ala. 2003), we reverse and remand for further proceedings.
Apicella was convicted in 1996 of capital murder for his participation in the shooting deaths of Pamela Dodd, Lester Dodd, William Nelson, Sr., James Watkins, and Florence Adell at the Changing Times Lounge. The deaths occurred during one act or pursuant to one scheme or course of conduct. §13A-5-40(a)(10), Ala. Code 1975. The jury recommended, by a vote of 8-4, that Apicella be sentenced to life imprisonment without the possibility of parole. The trial court overrode the jury's recommendation and sentenced Apicella to death. On direct appeal, this Court affirmed Apicella's conviction and death sentence. Apicella v. State, 809 So.2d 841
(Ala.Crim.App. 2000). The Alabama Supreme Court affirmed this Court's decision. Ex parte Apicella, 809 So.2d 865
(Ala. 2001).
On December 20, 2002, Apicella filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. On January 9, 2003, the State filed a motion to dismiss the petition as time-barred. Apicella filed objections to the State's motion to dismiss, and the trial court denied the State's motion, finding that the petition was timely. Apicella filed an amended petition on November 17, 2003. The State filed an answer to the petition and it filed two motions for summary dismissal. One motion sought summary dismissal of procedurally barred claims and one motion sought summary dismissal of ineffective-assistance-of-counsel claims the State alleged had not been pleaded with specificity. In the second motion for summary dismissal, the State indicated it would not oppose if the trial court granted Apicella 30 days to amend the claims that were not sufficiently pleaded. The trial court did not rule on the motions. *Page 487 
The case was assigned to Judge James Garrett, who had presided over the trial of Apicella's case, but when Judge Garrett retired from the bench, and the case was reassigned to Judge Tommy Nail in June 2004. Judge Nail scheduled a pretrial hearing to be held on July 19, 2004, to clarify the issues pending. The record does not indicate that this hearing was held, but on August 3, 2004, the State withdrew the two motions for summary dismissal it had previously filed and substituted another motion for summary dismissal. (C. 338-53.) In that motion, the State sought summary dismissal of all claims, including those claims of ineffective assistance of counsel that, it alleged, were insufficiently pleaded. Two days later, on August 5, 2004, the trial court entered the following order:
 "The above styled cause is hereby set for trial on January 6, 2005, at 9:00 a.m. on the issue of ineffective assistance of counsel. Petitioner is given thirty days from today's date to file any amendments to his petition, and the state is given thirty days from the date petitioner amends his petition to file an answer to any amendments."
(C. 7.)
Apicella filed a second amended petition on September 3, 2004. On October 7, 2004, the State filed an answer to the second amended petition and a motion for summary dismissal. The State also filed a motion requesting the court to vacate its order scheduling an evidentiary hearing on Apicella's ineffective-assistance-of-counsel claims. The State argued that all of those claims were due to be summarily dismissed and that no evidentiary hearing was necessary. Finally, the State filed a proposed order summarily dismissing Apicella's second amended petition. On December 17, 2004, Apicella filed a response to the State's motion to dismiss and to the State's motion to vacate the order setting an evidentiary hearing. On December 23, 2004, the trial court signed the State's proposed order and summarily dismissed Apicella's second amended petition for postconviction relief. On January 13, 2005, Apicella filed a motion seeking reconsideration of the order dismissing the petition. The trial court denied the motion. This appeal follows.
Although Apicella raises several issues on appeal, we need address only one issue at this time. Apicella argues that summary dismissal of his postconviction petition must be reversed and the cause remanded for an evidentiary hearing because, he says, he was entitled to an evidentiary hearing on his claim that the trial court failed to conduct an individualized sentencing determination when it overrode the jury's recommended sentence and instead imposed the death sentence. Specifically, Apicella alleged in the petition and argues on appeal that the trial court sentenced him to death on the basis of the outcome of trial of his codefendant, Stephen Pilley. Judge Garrett presided over Pilley's trial and did not sentence Apicella until after Pilley's trial had been completed and the sentence had been imposed. The jury in Pilley's case recommended that he receive the death sentence, and the trial court imposed that sentence; Apicella alleged that the trial court overrode the jury's recommendation in Apicella's case to "balance the scales." Apicella argues that the trial court's statements to the media made years after his trial prove his claim. The State contends that the trial court correctly dismissed this claim on procedural grounds because the claim could have been raised at trial and on appeal, but was not. Rule *Page 488 
32.2(a)(3), (5), Ala. R.Crim. P. (C. 16-17.)[1]
In the second amended petition, Apicella alleged, in part:
 "The trial court in this case sentenced Andrew Apicella to death on the basis of the outcome of the trial of co-defendant Ste[ph]en Pilley. After overriding Mr. Apicella's jury's recommendation of life without parole, the circuit court judge was reported to have said that he did not consider it fair that only one of the two co-defendants was sentenced to death, so the jury's recommendation was overriden [sic] to balance the scales. See, `Judge: Massacre trails [sic] justify option to overrule jury,' The Birmingham News, 7A, Sunday, Sept. 3, 2000 (article attached as Exhibit 1). The judge was quoted: `That is a prime example of why it should be done. The evidence was the same. They were equally culpable.' Id. Moreover, the judge stated: `They were both equally guilty . . . One got life without parole; the other one, the jury recommended death. Where is the equity then?' Because the jury is not as familiar with the facts as the court. See, `Ruling divides 1994 bar killers.' The Birmingham Post-Herald, Al, June 25, 2002 (article attached as Exhibit 2)."
(C. 391.)
 Apicella also alleged in his petition:
 "A capital defendant is entitled to individualized consideration in sentencing, see Lockett v. Ohio, 438 U.S. 586, 605 (1978); Eddings v. Okalhoma (sic), 455 U.S. 104, 112 (1982). Because Mr. Apicella did not receive the individualized sentencing determination required by the Eighth and Fourteenth Amendments to the United States Constitution, by the Alabama Constitution and by Alabama law, his sentence must be vacated, and the jury's life verdict should be restored.
 ". . . .
 ". . . The Alabama Supreme Court recently reaffirmed constitutional sanctity of individualized sentencing in Ex parte Tomlin, [909 So.2d 283 (Ala. 2003)]. In that case, Tomlin was convicted of capital murder. The parties stipulated that a jury in a previous retrial had returned 12-0 recommendation of life without parole. Notwithstanding the recommendation, the trial court sentenced Tomlin to death. The trial court's override was due to the fact that Tomlin's co-defendant had also been convicted of capital murder and previously sentenced to death.
 "The trial court stated in its sentencing order the following:
 "`The other perpetrator in this crime, John Ronald Daniels, was convicted of the capital murder offense of first degree murder of the same two people and [was] sentenced to death. This Court is charged with the duty to insure that the death penalty is not imposed in a freakish, arbitrary, wanton or capricious manner. That is the reason this Court has the authority to reject a jury's recommendation of death and impose life [imprisonment] without parole and conversely the authority to reject a jury's recommendation of life without parole and impose death, if by doing either the Court prevents such prohibited imposition
 "`* * * *Page 489 
 "`For our judicial system to say, under the circumstances of this case, that the hit man should be sentenced to death but that the hirer, the planner, the cold avenger and the co-executioner should be sentenced to life [imprisonment] without parole is an aberration; a freak that cannot be allowed.'
"Ex parte Tomlin, [909 So.2d at 286].
 "The Alabama Supreme Court reversed the judgment of the trial court holding that it was improper for the codefendant's death sentence to be used as a factor in Tomlin's sentencing. [909 So.2d at 287.] The comments attributed to the trial court in the media following sentencing in this case are of the same content and kind as those made by the trial court in Ex parte Tomlin. The trial judge defended the use of judicial override stating that the instant case was `a prime example of why it should be done. The evidence was the same. They were equally culpable.' The Birmingham News, 7A, Sunday, Sept. 3, 2000. Moreover, the trial judge has reportedly stated that Mr. Apicella's over-ride was necessary to achieve `equity' since Mr. Pilley had already been sentenced to death. The Birmingham Post-Herald, Al, June 25, 2002. Because the consideration of this nonstatutory aggravating circumstance resulted in his death sentence, Mr. Apicella was clearly prejudiced by this violation of his rights under Alabama law and the Sixth. Eighth and Fourteenth Amendments to the United States Constitution."
(C. 392-94.)
The record includes the copies of the newspaper articles. The first article was published in the Birmingham News on September 3, 2000. The headline reads: "Judge: Massacre trials justify option to overrule jury." (C. 240.) The article states, in pertinent part:
 "One Jefferson County judge points to the Changing Times Lounge massacre as a prime example of why juries should sometimes be overruled in death-penalty cases.
 "The two men accused of killing five people during a robbery at the lounge were convicted in separate trials in 1996 and 1997. Andrew Anthony Apicella's jury recommended life in prison. Stephen Pilley's jury favored the death penalty.
 "Circuit Judge James Garrett, who presided at both trials, said he didn't consider it fair to send only one of them to the electric chair. So he balanced the scales. He sentenced Apicella to death, despite the jury's recommendation.
 "`That is a prime example of why it should be done,' Garrett said. `The evidence was the same. They were equally culpable.'
 "He said it wouldn't have been fitting to override Pilley's jury and give both defendants a sentence of life in prison. `This was an execution murder,' he said."
(C. 240.)
The State argued below and continues to argue on appeal, and the trial court held, that the claim was due to be summarily dismissed because it could have been, but was not. raised at trial or on appeal. Even a cursory review of the procedural history of this case demonstrates that the claim could not have been raised at trial or on appeal. Apicella was tried and convicted in 1996. Approximately 15 months later, after Stephen Pilley had been tried, convicted, and sentenced to death, the trial court sentenced Apicella to death. This Court affirmed the conviction on February 25, 2000, and affirmed the sentence on June 30, 2000, following two remands for the trial court to address *Page 490 
errors in the sentencing order. Apicella v. State,809 So.2d 841 (Ala.Crim.App. 2000). Only in September 2000, when the article appeared in the newspaper and quoted the sentencing judge's statements about the codefendants' being equally culpable and stating that this case presented a "prime example" of the reason a trial court should override a jury's life-imprisonment-without-parole sentence, did Apicella have notice that the trial court appeared to have based his override of Apicella's jury's recommendation on the sentence imposed on codefendant Pilley. At that point, the trial had been over for years and the appellate judgment from this Court was final.
The trial court did not explain its reasons for holding that the issue could have been raised at trial, but the State argues on appeal in support of the trial court's finding that the claim is precluded that "there is every reason to believe that Judge Garrett would have made the same remarks to Apicella's trial counsel if they had asked him the questions [the newspaper reporter] asked him," and "[b]ased on Judge Garrett's answer to their questions, his counsel could have raised the claim that the trial court violated his right to an individualized sentencing determination at trial." (State's supplemental brief at 7-8) (footnote omitted). Apicella has responded succinctly to the State's argument, stating, in part, "The State's position that trial counsel must ask the court if it acted unconstitutionally in sentencing their client or be forever barred from raising the claim in state post-conviction proceedings is absurd." (Apicella's supplemental reply brief at 7.) We agree. Defense counsel are charged with raising objections to errors in the proceedings when the errors become manifest, but nothing in law or logic requires counsel to ferret out errors in the trial court's reasoning that were not apparent on the record itself. We note that defense counsel could not have anticipated this particular allegation of error because trial courts are presumed to know the law and to follow it,e.g., Ex parte Slaton, 680 So.2d 909, 924 (Ala. 1996), and the law entitled Apicella to an individualized sentencing,Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954,57 L.Ed.2d 973 (1978). As the United States Supreme Court stated inEddings v. Oklahoma, 455 U.S. 104, 112, 102 S.Ct. 869,71 L.Ed.2d 1 (1982), "[T]he rule in Lockett recognizes that a consistency produced by ignoring individual differences is a false consistency."
Thus, defense counsel had no reason to allege during the trial proceedings that the trial court imposed the death sentence to even the scale after he followed the sentencing recommendation in Pilley's case and sentenced Pilley to death. The trial court erred when it held that this claim is procedurally barred because it could have been, but was not, raised at trial.
The trial court also found the claim was procedurally barred because Apicella could have raised it on appeal but did not. The State explains in its supplemental brief that the article appeared in the Birmingham News on September 2, 2000, and Apicella filed his petition for a writ of certiorari in the Alabama Supreme Court on September 8, 2000. "Because," the State then argues, "The Birmingham News article was printedbefore he filed his petition for writ of certiorari in the Supreme Court of Alabama, Apicella could have raised this claim on direct appeal." (State's supplemental brief at 6.)[2]
The State contends that, if Apicella had raised *Page 491 
the claim in the Alabama Supreme Court, that Court could have reviewed it for plain error pursuant to Rule 45A, Ala. R.App. P. This assertion is utterly meritless. Rule 45A provides for plain-error review of the record. The newspaper article, published years after the trial, was obviously not a part of the trial record and therefore would not have been subject to inclusion in the record or to review by the Alabama Supreme Court as part of a claim of error attributed to the trial court. At oral argument before this Court, the State acknowledged that, if Apicella had raised this claim in the Alabama Supreme Court and if he had attempted to present the newspaper articles as evidence in support of the claim, he would have moved to strike the article because it was not a part of the record. Therefore, the trial court erred when it held that this claim was procedurally barred because it could have been, but was not, raised on appeal.
The trial court's legal conclusions about this claim were incorrect and its judgment must be reversed. We note, further, that Apicella has pleaded facts, which, if true, entitle him to relief. As he has argued to the court below and to this Court, the Alabama Supreme Court held in Ex parte Tomlin,909 So.2d 283 (Ala. 2003), that the trial court's decision to override a jury's recommendation of a sentence of life imprisonment without parole must not be based on the codefendant's death sentence. Apicella has pleaded specific facts alleging that the trial court overrode the jury's recommended sentence and imposed the death sentence basedon the sentence imposed on Apicella's codefendant, Stephen Pilley. Therefore, Apicella is entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving the alleged facts. E.g., Boyd v.State, 913 So.2d 1113, 1125 (Ala.Crim.App. 2003).
Based on the foregoing, we reverse the trial court's summary dismissal of Apicella's petition for postconviction relief and we remand the cause for further proceedings.
The parties have argued to this Court the issue whether Apicella should be permitted to amend his petition on remand. We believe that the circuit court, rather than this Court, is in a better position to resolve that issue on remand. We note that the judge who presided over Apicella's and Pilley's trials and to whom this postconviction proceeding was originally assigned has retired from the bench; therefore, the judge who summarily dismissed the petition and who, to the best of this Court's knowledge, will consider the case on remand, has no independent knowledge of the prior proceedings or the facts in this case. Furthermore, we urge that court to carefully consider the principles of Ex parte Rhone, 900 So.2d 455, 458
(Ala. 2004), in which the Alabama Supreme Court repeated the oft-stated principle, "Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition." The Court in Ex parte Rhone also noted that Rule 32.7, Ala. R.Crim. P., provides that leave to amend before the entry of judgment is to be freely granted. Our comments are not to be interpreted to mean that the trial court must grant Apicella leave to amend his petition on remand. We are merely reminding the trial court that its decision on any motion to amend the petition must be governed by the principles stated inEx parte Rhone.
For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed *Page 492 
and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] To the extent the State argued, for the first time before this Court at oral argument, that the trial court's dismissal of the claim was due to be affirmed because the claim was not pleaded with specificity, we disagree. The claim contains a clear and specific statement of the grounds for relief and a full disclosure of the factual basis of those grounds. Rule 32.6(b), Ala. R.Crim. P.
[2] The State's argument assumes that Apicella's appellate counsel became aware of the article before filing the petition for certiorari.