WOODALL, Justice.
Andrew Anthony Apicella petitioned this Court for the writ of certiorari, which we granted for the limited purpose of determining whether the Court of Criminal Appeals’ judgment, insofar as it affirmed the trial court’s decision to strike Apicella’s third amended petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., conflicts with prior caselaw. We hold that the Court of Criminal Appeals’ decision does conflict with Ex parte Rhone, 900 So.2d 455 (Ala.2004). Therefore, we reverse the Court of Criminal Appeals’ judgment and remand the case to that court for further proceedings consistent with this opinion.

Facts and Procedural History

The Court of Criminal Appeals’ opinion on appeal from the denial of Apicella’s second amended Rule 32 petition, Apicella v. State, 945 So.2d 485 (Ala.Crim.App.2006) *1151 (“Apicella III”), includes the following procedural history:
“Apicella was convicted in 1996 of capital murder for his participation in the shooting deaths of Pamela Dodd, Lester Dodd, William Nelson, Sr., James Watkins, and Florence Adell at the Changing Times Lounge. The deaths occurred during one act or pursuant to one scheme or course of conduct. § 13A-5-40(a)(10), Ala.Code 1975. The jury recommended, by a vote of 8^1, that Apicel-la be sentenced to life imprisonment without the possibility of parole. The trial court overrode the jury’s recommendation and sentenced Apicella to death. On direct appeal, this Court affirmed Apicella’s conviction and death sentence. Apicella v. State, 809 So.2d 841 (Ala.Crim.App.2000) [ (‘Apicella I ’) ]. The Alabama Supreme Court affirmed this Court’s decision. Ex parte Apicella, 809 So.2d 865 (Ala.2001) [ ('Ap-icella IP) ].
“On December 20, 2002, Apicella filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P.... Api-cella filed an amended petition on November 17, 2003....
[[Image here]]
“Apicella filed a second amended petition on September 3, 2004.... On December 23, 2004, the trial court ... summarily denied Apicella’s second amended petition for postconviction relief....”
945 So.2d at 486-87. Apicella appealed.
The Court of Criminal Appeals in Api-cella III reversed the trial court’s judgment and remanded the case with instructions that the trial court hold an evidentiary hearing on Apicella’s claim that “the trial court failed to conduct an individualized sentencing determination when it overrode the jury’s recommended sentence and instead imposed the death sentence” on the basis, Apieel-la claimed, of the outcome of the trial of Apicella’s codefendant, Stephen Pilley. 945 So.2d at 487. The Court of Criminal Appeals also stated:
“The parties have argued to this Court the issue whether Apicella should be permitted to amend his petition on remand. We believe that the circuit court, rather than this Court, is in a better position to resolve that issue on remand.... [W]e urge that court to carefully consider the principles of Ex parte Rhone, 900 So.2d 455, 458 (Ala.2004), in which the Alabama Supreme Court repeated the oft-stated principle, ‘Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.’ The Court in Ex parte Rhone also noted that Rule 32.7, Ala. R.Crim. P., provides that leave to amend before the entry of judgment is to be freely granted. Our comments are not to be interpreted to mean that the trial court must grant Apicella leave to amend his petition on remand. We are merely reminding the trial court that its decision on any motion to amend the petition must be governed by the principles stated in Ex parte Rhone.”
Apicella III, 945 So.2d at 491.
In compliance with the Court of Criminal Appeals’ instructions, the trial court scheduled an evidentiary hearing on Api-cella’s claim that he had been denied his right to an individualized sentencing determination. Shortly after the scheduling order was issued, Apicella filed his third amended Rule 32 petition. The State moved the trial court to strike that petition, and the trial court granted the motion, stating, among other things:
“This Court has read and considered the Alabama Supreme Court’s ruling in Ex parte Rhone, 900 So.2d 455 (Ala. *1152 2004). This Court entered its order dismissing [Apicella’s] second amended Rule 32 petition on December 23, 2004. That order was appealed and has now been remanded back to this Court for an evidentiary hearing on a narrow issue of whether the trial court improperly considered the co-defendant’s sentence in overriding the jury’s recommendation of life [imprisonment] without parole. After judgment and appeal [Apicella] would have this Court to start this process all over again and to relitigate those issue which have been ... addressed by the appellate courts as well. In this Court’s opinion the facts in this case are distinguishable from the facts in Rhone, supra. The' requested amendment in the instant case is not prior to judgment as is required by ... Rule 32.7(b)[, Ala. R.Crim. P.,] but occurs almost two years after final judgment has been entered by this Court. In Rhone, supra, the amendment was filed sixteen days after the original petition was filed by the petitioner. In addition, this Court finds that to allow this amendment would cause an undue delay, since it would in essence sta[rt] the process all over again.”
On October 10, 2006, the trial court held an evidentiary hearing on Apicella’s claim that the trial court had failed to provide him with an individualized sentencing determination. After the hearing, the trial court held that Apicella’s claim that he had not had an individualized sentencing determination was without merit. The trial court also repeated its refusal to accept Apicella’s third amended petition. Apicel-la again appealed to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed by unpublished memorandum the trial court’s judgment striking Apicella’s third amended Rule 32 petition. Apicella v. State (No. CR-06-1059, April 23, 2010), 77 So.3d 624 (Ala.Crim.App.2010) (table) (“Apicella IV”). In addressing the trial court’s decision to strike Apicella’s petition, the Court of Criminal Appeals stated:
“[T]he circuit court was urged [in Apicella III ] to consider allowing Apicella to amend his Rule 32 petition on remand. The opinion noted that Ex parte Rhone, 900 So.2d 455 (Ala.2004), provided for the unrestricted acceptance of amendments to Rule 32 petitions except where there had been an undue delay or where actual prejudice would result. However, Rule 32.7(b), Ala. R.Crim. P., allows an amendment if it is filed prior to the circuit court’s judgment. The circuit court’s final judgment denying the petition was entered on December 23, 2004, and an appeal filed. Thus, it does not appear that Rhone had any application. Nevertheless, ... the circuit court was granted discretion regarding the rejection of an amended petition.”
The Court of Criminal Appeals went on to hold that the trial court had not erred in refusing to accept Apicella’s third amended petition:
“Apicella claims that the circuit court abused its discretion when it refused to accept his third amended Rule 32 petition. According to Apicella, the circuit court failed to follow the appellate court’s remand instructions stating that permission to amend be considered in light of Ex parte Rhone [, 900 So.2d 455 (Ala.2004) ]. As explained earlier in this memorandum, Rule 32.7(b), Ala. R.Crim. P., and Ex parte Rhone provide for the unrestricted acceptance of an amendment to a Rule 32 petition if the amendment is filed prior to the circuit court’s judgment, and there has been no undue delay or where no actual prejudice will result. The circuit court’s final order *1153 denying relief was issued on December 23, 2004. Therefore, an amendment filed after this date was not authorized by Rule 32.7(b), nor required by Ex parte Rhone. Therefore, the circuit court did not err in refusing to accept a third amended petition.”
(Emphasis original.)
Apicella petitioned this Court for certio-rari review, arguing, among other things, that the trial court’s judgment striking his third amended petition conflicted with Ex parte Rhone and Ex parte Jenkins, 972 So.2d 159 (Ala.2005), and that the Court of Criminal Appeals had compounded the trial court’s error by failing to apply the principles stated in Ex parte Rhone in its x’eview of the trial court’s judgment. We granted certiorari review to address this narrow issue.
In Ex parte Rhone, this Court stated:
“Subsection (b) of [Rule 32.7, Ala. R.Crim. P.,] unambiguously grants discretion to the trial court, providing that ‘[ajmendments to pleadings may he permitted at any stage of the proceedings prior to the entry of judgment.’ (Emphasis added.) Guiding the exercise of that discretion is the mandate of subsection (d) that ‘[ljeave to amend shall be freely granted.’ (Emphasis added.) However, because the trial court has discretion to refuse an amendment to a Rule 32 petition, we must consider the nature of the factors that would provide a proper basis for such a refusal.
[[Image here]]
“ ‘ “ ‘[Ajmendments should be freely allowed and ... trial judges must be given discretion to allow or refuse amendments.... The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.’ Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala.1979) (citations omitted). ‘The grant or denial of leave to amend is a matter within the sound discretion of the trial judge.... ’ Walker v. Traughber, 351 So.2d 917 (Ala.Civ. App.1977).”
“ ‘Cochran v. State, 548 So.2d 1062, 1075 (Ala.Crim.App.1989).’
“[Talley v. State,] 802 So.2d [1106,] 1107-08 [ (Ala.Crim.App.2001) ] (emphasis added). The statements in Talley are consistent with this Court’s prior decisions, as well as with Rule 32.7. Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.”
Ex parte Rhone, 900 So.2d at 457-58.
In Ex parte Jenkins, this Court
“emphasize[dj that the concepts of ‘undue delay’ and ‘undue prejudice’ as discussed in this opinion and in Ex parte Rhone apply to the trial court’s management of its docket and to the petitioner’s attention to his or her case. Those concepts cannot be applied to restrict the petitioner’s right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.”
972 So.2d at 164.
In Apicella III, the Court of Criminal Appeals instructed the trial court to address the issue “whether Apicella should be permitted to amend his Rule 32 petition on remand” and to “carefully consider the principles of Ex paite Rhone ” in making that determination. Apicella III, 945 So.2d at 491. As noted previously, the trial court stated in its order striking Api-cella’s third amended petition that it had “read and considered the Alabama Su *1154 preme Court’s ruling in Ex parte Rhone ” but found that case to be distinguishable because, it said, it had entered a final judgment before Apicella filed his third amended petition. The Court of Criminal Appeals affirmed the trial court’s judgment on the same basis. We agree with Apicella that the trial and appellate courts erred in distinguishing Ex parte Rhone on that basis. In December 2004, the trial court did enter a judgment summarily dismissing Apicella’s second amended Rule 32 petition. However, in Apicella III, the Court of Criminal Appeals “reversefd] the trial court’s summary dismissal of Apicel-la’s petition ... and ... remandfed] the cause for further proceedings.” 945 So.2d at 491. “Reversal of a judgment and remanding of the cause restores both the State and the defendant to the condition in which they stood before the judgment was pronounced.” Knight v. State, 356 So.2d 765, 767 (Ala.Crim.App.1978). See also City of Hampton v. Iowa Civil Rights Comm’n, 554 N.W.2d 532, 535 (Iowa 1996) (“Unless the remand limits the issues to be considered, the case should be reviewed in its entirety.”).
There is no dispute that before the December 2004 judgment the trial court would have been required to apply the principles stated in Ex parte Rhone in deciding whether to allow another amendment. In reversing the December 2004 judgment, the Court of Criminal Appeals’ decision in Apicella III returned the parties to their prejudgment positions. Therefore, the trial and appellate courts’ attempt to distinguish Ex parte Rhone on the ground that a final judgment had been entered in Apicella’s case is without merit. The Court of Criminal Appeals should have reviewed the trial court’s decision in light of the principles stated in Ex parte Rhone.
The State argues:
“[TJhis Court should defer to the Court of Criminal Appeals’ reasonable interpretation of its first decision in this matter. According to that court, [Apicella III ] had effectively remanded the cause only for a limited evidentiary hearing. It did not undo the trial court’s entire judgment, and it did not open the entire ease to reexamination via an amended petition under Rule 32.7(b) of the Alabama Rules of Criminal Procedure.”
State’s brief, at 18. We disagree.
The Court of Criminal Appeals stated in Apicella IV:
“[Although [Apicella III] clearly set forth the directions on remand regarding the trial court’s need to conduct an individualized sentencing determination, we now question whether that opinion was incorrectly released stating that the judgment of the circuit court was ‘Reversed and Remanded.’ [Apicella III ], 945 So.2d at 492. That judgment signified a final disposition of the appeal [of the December 2004 judgment] in its entirety and does not seem consistent with the directives in the opinion. It appears that the correct judgment line should have stated ‘Remanded with Directions’ to signify that the final disposition of the appeal would occur after the circuit court complied with the directions and returned the case to this Court for completion of the appellate review.”
Although the Court of Criminal Appeals may have doubts about the propriety of its judgment in Apicella III, that judgment was unambiguous, and its effect cannot be ignored. The court clearly “reverse[d] the trial court’s summary dismissal of Apicel-la’s petition for postconviction relief and ... remand[ed] the cause for further proceedings.” 945 So.2d at 491. Thus, when Apicella filed his third amended petition, no final judgment was in effect, and Ex *1155 parte Rhone must govern the consideration of that amended petition.
For these reasons, we find that the Court of Criminal Appeals’ decision in Api-cella TV conflicts with Ex parte Rhone. Therefore, we reverse that judgment and remand the case to the Court of Criminal Appeals with instructions for that court to review the trial court’s decision to strike Apicella’s third amended Rule 32 petition in light of the principles set forth in Ex parte Rhone and Ex parte Jenkins.
REVERSED AND REMANDED WITH INSTRUCTIONS.
STUART, BOLIN, and MURDOCK, JJ., and MADDOX, LYONS, and THOMPSON, Special Justices,* concur.
COBB, C.J., and PARKER, SHAW, MAIN, and WISE, JJ., recuse themselves.**