KELLUM, Judge.
Robert Shawn Ingram appeals the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconviction relief.
In 1995, Ingram was convicted of murder made capital because it was committed during the course of a kidnapping in the first degree or an attempt thereof, see § 13A-5-40(a)(l), Ala.Code 1975. By a vote of 11-1, the jury recommended that Ingram be sentenced to death for his conviction. The trial court followed the jury’s recommendation and sentenced Ingram to death. This Court affirmed Ingram’s conviction and sentence on appeal, Ingram v. State, 779 So.2d 1225 (Ala.Crim.App.1999) (“Ingram I”), and the Alabama Supreme Court affirmed this Court’s judgment. Ex parte Ingram, 779 So.2d 1283 (Ala.2000) (“Ingram II ”). This Court issued a certificate of judgment on September 26, 2000. The United States Supreme Court denied certiorari review on February 26, 2001. Ingram v. Alabama, 531 U.S. 1193, 121 S.Ct. 1194, 149 L.Ed.2d 109 (2001).
On February 1, 2002, Ingram filed a Rule 32 petition challenging his conviction and sentence on numerous grounds. In his prayer for relief, Ingram requested, among other things, that he be allowed discovery, that he be provided funds for expert and investigative expenses, and that he be permitted time to amend his petition. He also filed a separate motion for permission to proceed ex parte on any request for funds. On March 18, 2002, the State filed an answer and a motion for a partial summary dismissal. On April 18, 2002, Ingram filed an amended petition (hereinafter “first amended petition”), in which he reasserted the same claims raised in his original petition, raised an additional claim, and again requested that he be allowed discovery, that he be provided funds for expert and investigative expenses, and that he be permitted time to further amend his petition. The State filed an answer and a motion for the summary dismissal of the first amended petition on July 26, 2002. On June 8, 2004, the circuit court adopted verbatim a proposed order that had been submitted by the State on May 20, 2004, summarily dismissing the first amended petition in its entirety. Ingram filed a notice of appeal on July 16, 2004. This Court affirmed the summary dismissal on appeal. Ingram v. State, 51 So.3d 1094 (Ala.Crim.App.2006) (“Ingram III ”).
Ingram petitioned the Alabama Supreme Court for certiorari review; that Court granted his petition and reversed this Court’s judgment. Ex parte Ingram, 51 So.3d 1119 (Ala.2010) (“Ingram IV”). Noting that the circuit judge who ruled on Ingram’s Rule 32 petition was not the judge who had presided over Ingram’s trial, the Supreme Court determined that the circuit court’s wholesale adoption of the State’s proposed order constituted reversible error because the order contained patently erroneous statements, including statements that the circuit judge ruling on the petition had presided over Ingram’s trial, which he had not; that the circuit *89 judge had personally observed the performance of Ingram’s trial counsel, which he had not; and that the circuit judge was basing his decision, in part, on events within his own personal knowledge of the trial of the case, of which he had no knowledge. Recognizing the general rule “that, where a trial court does in fact adopt [a] proposed order as its own, deference is owed to that order in the same measure as any other order of the trial court,” the Supreme Court found that the “unusual” circumstances of the case rendered the general rule inapplicable. Ingram IV, 51 So.3d at 1122-23. The Supreme Court then held that “the nature of the errors present in the June 8 order ... undermines any confidence that the trial court’s findings of fact and conclusions of law are the product of the trial judge’s independent judgment and that the June 8 order reflects the findings and conclusions of that judge.” 51 So.3d at 1125.
Because “[i]t is axiomatic that an order granting or denying relief under Rule 32, Ala. R.Crim. P., must be an order of the trial court ... [i.e.,] must be a manifestation of the findings and conclusions of the court,” Ingram IV, 51 So.3d at 1122, the Alabama Supreme Court reversed this Court’s affirmance of the circuit court’s summary dismissal of Ingram’s first amended petition and remanded the case to this Court for us “to remand it to the trial court to consider Ingram’s pending motions and his [first amended] Rule 32 petition.” 51 So.3d at 1125. On remand from the Alabama Supreme Court, this Court reversed the circuit court’s judgment and remanded the case “for proceedings that are consistent with the Alabama Supreme Court’s opinion.” Ingram v. State, 51 So.3d 1126, 1126 (Ala.Crim.App.2010) (“Ingram V”). This Court issued a certificate of judgment on May 28, 2010. After remand, the circuit court scheduled a status conference for July 19, 2010. Ingram’s counsel filed a motion to continue, and the circuit court continued the conference to October 15, 2010. On October 7, 2010, the State filed a proposed order summarily dismissing Ingram’s first amended petition, denying his requests for discovery and funds, and denying his motion for permission to proceed ex parte on requests for funds. The circuit court conducted the status conference on October 15, 2010. At the conference, Ingram’s counsel indicated that she wanted to file a second amended petition and that she needed time to conduct discovery. Counsel then indicated that the second amended petition had already been drafted and that, if the circuit court denied her time to conduct discovery, she would file the second amended petition “now.” (R. 12.) The State objected to any amendments to the petition, arguing that allowing Ingram to file a second amended petition would be outside the scope of the Alabama Supreme Court’s remand instructions and would violate Rule 32.7(b), Ala. R.Crim. P., which permits amendments only “prior to the entry of judgment,” because judgment on Ingram’s first amended petition had been entered on June 8, 2004. Ingram argued, on the other hand, that the June 8, 2004, judgment on the first amended petition had been reversed and, thus, that an amendment would be permissible regardless of any instructions. The circuit court requested that the parties submit briefs on the issue whether the court had the authority to allow Ingram to file a second amended petition. After further discussion, Ingram’s counsel then indicated that she had not received the State’s October 7, 2010, proposed order until the day of the status conference and asked if the court wanted a response to the proposed order. The court indicated that it “would be premature” for Ingram’s counsel to respond *90 to the proposed order or to submit any additional filings, presumably including a second amended petition, until the court determined whether it had the authority to permit Ingram to file an amended petition. (R. 21.)
On October 28, 2010, the State filed a brief with the circuit court, reiterating the arguments it had made at the status conference. On November 19, 2010, Ingram’s counsel filed a reply to the State’s October 28, 2010, brief, also reiterating the arguments she had made at the status conference. On December 1, 2010, the circuit court adopted the proposed order submitted by the State summarily dismissing Ingram’s first amended petition in its entirety and denying all of Ingram’s pending motions, including Ingram’s request to file a second amended petition. In denying Ingram’s request to file a second amended petition, the circuit court specifically found that it had no authority on remand to allow Ingram to file a second amended petition because to do so would be beyond the scope of the Alabama Supreme Court’s remand instructions and because Rule 32.7(b) prohibits amendments to petitions after entry of judgment and judgment had been entered on Ingram’s first amended petition on June 8, 2004. Ingram filed a timely motion to reconsider on December 21, 2010, arguing, among other things, that the circuit court erred in finding that it had no authority to allow him to file a second amended petition. With the motion to reconsider, Ingram also filed his second amended petition. The motion to reconsider was denied by operation of law 30 days after the circuit court’s December 1, 2010, summary dismissal, or on January 3, 2011.[1] See Loggins v. State, 910 So.2d 146 (Ala.Crim.App.2005) (recognizing motion to reconsider as a valid postjudgment motion in the context of a Rule 32 petition, but noting that such a motion does not extend the circuit court’s jurisdiction beyond 30 days after the denial or dismissal of the Rule 32 petition). Ingram filed a timely notice of appeal on January 3, 2011.
On appeal, Ingram raises numerous issues. However, because of our disposition of this case, we need address only one. Ingram contends that the circuit court erred in denying his request to file a second amended petition. He reiterates the arguments he made to the circuit court, both in his brief and in his motion to reconsider the summary dismissal of his first amended petition, that the court had the authority to allow the amendment after the June 8, 2004, order summarily dismissing his first amended petition had been reversed and the case remanded for further proceedings. Ingram relies on the Alabama Supreme Court’s opinion in Ex parte Apicella, 87 So.3d 1150 (Ala.2011), to support his arguments. Based on Ex parte Apicella, Ingram concludes, the circuit court erred in finding that it had no authority to allow Ingram to file a second amended petition.
The State does not specifically address Ingram’s arguments on appeal. Indeed, the State abandons the arguments it made to the circuit court regarding that court’s authority to permit an amendment and, instead, argues on appeal only that the circuit court properly refused to accept *91 Ingram’s second amended petition because it was untimely filed after the circuit court’s summary dismissal of his first amended petition on December 1, 2010. According to the State, Ingram “had from May 28, 2010, until December 1, 2010, to file a motion to amend his Rule 32 petition or to file a second amended Rule 32 petition. However, Ingram did nothing.” (State’s brief, p. 19.) Because Ingram waited until after the circuit court had summarily dismissed his first amended petition on December 1, 2010, to file his second amended petition, Ex parte Apicel-la, in which an amended petition was filed before the circuit court’s summary dismissal after remand, is inapplicable here.
The State’s argument is unpersuasive. Although the State is correct that Ingram did not file his second amended petition until after the circuit court summarily dismissed his first amended petition on December 1, 2010, the State is incorrect that Ingram did not move to amend his petition at any time before the circuit court’s December 1, 2010, summary dismissal. The record reflects, contrary to the State’s assertion, that after this Court’s reversal, there was pending before the circuit court a request to file a second amended petition that had been included in Ingram’s first amended petition filed in 2002, but never ruled on. In addition, although Ingram’s counsel may not have used specific language, it is clear from the lengthy discussion between the court and the parties at the October 15, 2010, status conference, that Ingram’s counsel was reasserting orally at the status conference the previous written request to file a second amended petition. Whether Ingram actually filed a second amended petition with the circuit court or whether he requested leave from the court to file the second amended petition is a distinction without a difference. In either scenario, the issue whether to permit a second amended petition would have been properly placed before the circuit court. See, e.g., Broadnax v. State, 987 So.2d 631 (Ala.Crim.App.2007) (reversing circuit court’s denial of motion for leave to file second amended petition even though no second amended petition had been filed). In this case, by requesting permission to file a second amended petition before the circuit court’s summary dismissal of his first amended petition on December 1, 2010, Ingram properly placed before the circuit court the issue whether such an amendment should be permitted. Therefore, the fact that the second amended petition was untimely filed after the circuit court’s December 1, 2010, summary dismissal is irrelevant here.
Rather, we conclude that the Alabama Supreme Court’s opinion in Ex parte Api-cella is controlling. In that case, the Court faced a situation strikingly similar to that presented here:
“The Court of Criminal Appeals’ opinion on appeal from the denial of Apicel-la’s second amended Rule 32 petition, Apicella v. State, 945 So.2d 485 (Ala.Crim.App.2006) (‘Apicella III ’), includes the following procedural history:
“ ‘Apicella was convicted in 1996 of capital murder for his participation in the shooting deaths of Pamela Dodd, Lester Dodd, William Nelson, Sr., James Watkins, and Florence Adell at the Changing Times Lounge. The deaths occurred during one act or pursuant to one scheme or course of conduct. § 13A-5-40(a)(10), Ala.Code 1975. The jury recommended, by a vote of 8-4, that Apicella be sentenced to life imprisonment without the possibility of parole. The trial court overrode the jury’s recommendation and sentenced Apicella to death. On direct appeal, this Court affirmed Api-cella’s conviction and death sentence. Apicella v. State, 809 So.2d 841 (Ala. *92 Crim.App.2000) [ (“Apicella I ”) ]. The Alabama Supreme Court affirmed this Court’s decision. Ex parte Apicella, 809 So.2d 865 (Ala.2001) [ (“Api-cella II”) ].
“‘On December 20, 2002, Apicella filed a petition for postconviction relief pursuant to Rule 82, Ala. R.Crim. P. ... Apicella filed an amended petition on November 17, 2008....
[[Image here]]
“ ‘Apicella filed a second amended petition on September 3, 2004.... On December 23, 2004, the trial court ... summarily denied Apicella’s second amended petition for postconviction relief....’
“945 So.2d at 486-87. Apicella appealed.
“The Court of Criminal Appeals in Apicella III reversed the trial court’s judgment and remanded the case with instructions that the trial court hold an evidentiary hearing on Apicella’s claim that ‘the trial court failed to conduct an individualized sentencing determination when it overrode the jury’s recommended sentence and instead imposed the death sentence’ on the basis, Apicel-la claimed, of the outcome of the trial of Apicella’s codefendant, Stephen Pilley. 945 So.2d at 487. The Court of Criminal Appeals also stated:
“‘The parties have argued to this Court the issue whether Apicella should be permitted to amend his petition on remand. We believe that the circuit court, rather than this Court, is in a better position to resolve that issue on remand.... [W]e urge that court to carefully consider the principles of Ex parte Rhone, 900 So.2d 455, 458 (Ala.2004), in which the Alabama Supreme Court repeated the oft-stated principle, “Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.” The Court in Ex parte Rhone also noted that Rule 32.7, Ala. R.Crim. P., provides that leave to amend before the entry of judgment is to be freely granted. Our comments are not to be interpreted to mean that the trial court must grant Apicella leave to amend his petition on remand. We are merely reminding the trial court that its decision on any motion to amend the petition must be governed by the principles stated in Ex parte Rhone.’
“Apicella III, 945 So.2d at 491.
“In compliance with the Court of Criminal Appeals’ instructions, the trial court scheduled an evidentiary hearing on Apicella’s claim that he had been denied his right to an individualized sentencing determination. Shortly after the scheduling order was issued, Apicel-la filed his third amended Rule 32 petition. The State moved the trial court to strike that petition, and the trial court granted the motion, stating, among other things:
“‘This Court has read and considered the Alabama Supreme Court’s ruling in Ex parte Rhone, 900 So.2d 455 (Ala.2004). This Court entered its order dismissing [Apicella’s] second amended Rule 32 petition on December 23, 2004. That order was appealed and has now been remanded back to this Court for an evidentiary hearing on a narrow issue of whether the trial court improperly considered the co-defendant’s sentence in overriding the jury’s recommendation of life [imprisonment] without parole. After judgment and appeal [Apicella] would have this Court to start this process all over again and to relitigate those *93 issues which have been ... addressed by the appellate courts as well. In this Court’s opinion the facts in this case are distinguishable from the facts in Rhone, supra. The requested amendment in the instant case is not prior to judgment as is required by ... Rule 32.7(b)!, Ala. R.Crim. P.,] but occurs almost two years after final judgment has been entered by this Court. In Rhone, supra, the amendment was filed sixteen days after the original petition was filed by the petitioner. In addition, this Court finds that to allow this amendment would cause an undue delay, since it would in essence sta[rt] the process all over again.’
“On October 10, 2006, the trial court held an evidentiary hearing on Apicella’s claim that the trial court had failed to provide him with an individualized sentencing determination. After the hearing, the trial court held that Apicella’s claim that he had not had an individualized sentencing determination was without merit. The trial court also repeated its refusal to accept Apicella’s third amended petition. Apicella again appealed to the Court of Criminal Appeals.
“The Court of Criminal Appeals affirmed by unpublished memorandum the trial court’s judgment striking Apicella’s third amended Rule 32 petition. Apicella v. State (No. CR-06-1059, April 23, 2010), 77 So.3d 624 (Ala.Crim.App.2010) (table) (‘Apicella IV’). In addressing the trial court’s decision to strike Apicel-la’s [third amended] petition, the Court of Criminal Appeals stated:
“ ‘[T]he circuit court was urged [in Apicella III ] to consider allowing Ap-icella to amend his Rule 32 petition on remand. The opinion noted that Ex parte Rhone, 900 So.2d 455 (Ala.2004), provided for the unrestricted acceptance of amendments to Rule 32 petitions except where there had been an undue delay or where actual prejudice would result. However, Rule 32.7(b), Ala. R.Crim. P., allows an amendment if it is filed prior to the circuit court’s judgment. The circuit court’s final judgment denying the petition was entered on December 23, 2004, and an appeal filed. Thus, it does not appear that Rhone had any application. Nevertheless, ... the circuit court was granted discretion regarding the rejection of an amended petition.’
“The Court of Criminal Appeals went on to hold that the trial court had not erred in refusing to accept Apicella’s third amended petition:
“ ‘Apicella claims that the circuit court abused its discretion when it refused to accept his third amended Rule 32 petition. According to Apicel-la, the circuit court failed to follow the appellate court’s remand instructions stating that permission to amend be considered in light of Ex parte Rhone [, 900 So.2d 455 (Ala.2004) ]. As explained earlier in this memorandum, Rule 32.7(b), Ala. R.Crim. P., and Ex parte Rhone provide for the unrestricted acceptance of an amendment to a Rule 32 petition if the amendment is filed prior to the circuit court’s judgment, and there has been no undue delay or where no actual prejudice will result. The circuit court’s final order denying relief was issued on December 23, 2004. Therefore, an amendment filed after this date was not authorized by Rule 32.7(b), nor required by Ex parte Rhone. Therefore, the circuit court did not err in refusing to accept a third amended petition.’
“(Emphasis original.)
*94 “Apicella petitioned this Court for cer-tiorari review, arguing, among other things, that the trial court’s judgment striking his third amended petition conflicted with Ex parte Rhone and Ex parte Jenkins, 972 So.2d 159 (Ala.2005), and that the Court of Criminal Appeals had compounded the trial court’s error by failing to apply the principles stated in Ex parte Rhone in its review of the trial court’s judgment. We granted cer-tiorari review to address this narrow issue.
“In Ex parte Rhone, this Court stated:
‘“Subsection (b) of [Rule 32.7, Ala. R.Crim. P.,] unambiguously grants discretion to the trial court, providing that “[ajmendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.” (Emphasis added.) Guiding the exercise of that discretion is the mandate of subsection (d) that “[Ijeave to amend shall be freely granted.” (Emphasis added.) However, because the trial court has discretion to refuse an amendment to a Rule 32 petition, we must consider the nature of the factors that would provide a proper basis for such a refusal.
[[Image here]]
“ ““ “[Ajmendments should be freely allowed and ... trial judges must be given discretion to allow or refuse amendments.... The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.” Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala. 1979) (citations omitted). “The grant or denial of leave to amend is a matter within the sound discretion of the trial judge....” Walker v. Traughber, 351 So.2d 917 (Ala.Civ.App.1977).’
“ ‘ “Cochran v. State, 548 So.2d 1062, 1075 (Ala.Crim.App.1989).”
“ ‘[Talley v. State,] 802 So.2d [1106,] 1107-08 [ (Ala.Crim.App.2001) j (emphasis added). The statements in Talley are consistent with this Court’s prior decisions, as well as with Rule 32.7. Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.’
“Ex parte Rhone, 900 So.2d at 457-58. “In Ex parte Jenkins, this Court
“ ‘emphasize[dj that the concepts of “undue delay” and “undue prejudice” as discussed in this opinion and in Ex parte Rhone apply to the trial court’s management of its docket and to the petitioner’s attention to his or her ease. Those concepts cannot be applied to restrict the petitioner’s right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition,’
“972 So.2d at 164.
“In Apicella III, the Court of Criminal Appeals instructed the trial court to address the issue ‘whether Apicella should be permitted to amend his Rule 32 petition on remand’ and to ‘carefully consider the principles of Ex parte Rhone ’ in making that determination. Apicella III, 945 So.2d at 491. As noted previously, the trial court stated in its order striking Apicella’s third amended petition that it had ‘read and considered the Alabama Supreme Court’s ruling in Ex parte Rhone ’ but found that case to be distinguishable because, it said, it had entered a final judgment before Apicella filed his third amended petition. The *95 Court of Criminal Appeals affirmed the trial court’s judgment on the same basis. We agree with Apieella that the trial and appellate courts erred in distinguishing Ex parte Rhone on that basis. In December 2004, the trial court did enter a judgment summarily dismissing Apicel-la’s second amended Rule 32 petition. However, in Apieella III, the Court of Criminal Appeals ‘reverse[d] the trial court’s summary dismissal of Apicella’s petition ... and ... remand[ed] the cause for further proceedings.’ 945 So.2d at 491. ‘Reversal of a judgment and remanding of the cause restores both the State and the defendant to the condition in which they stood before the judgment was pronounced.’ Knight v. State, 356 So.2d 765, 767 (Ala.Crim.App.1978). See also City of Hampton v. Iowa Civil Rights Comm’n, 554 N.W.2d 532, 535 (Iowa 1996) (‘Unless the remand limits the issues to be considered, the case should be reviewed in its entirety.’).
“There is no dispute that before the December 2004 judgment the trial court would have been required to apply the principles stated in Ex parte Rhone in deciding whether to allow another amendment. In reversing the December 2004 judgment, the Court of Criminal Appeals’ decision in Apieella III returned the parties to their prejudgment positions. Therefore, the trial and appellate courts’ attempt to distinguish Ex parte Rhone on the ground that a final judgment had been entered in Apicella’s case is without merit. The Court of Criminal Appeals should have reviewed the trial court’s decision in light of the principles stated in Ex parte Rhone.
“The State argues:
“‘[Tjhis Court should defer to the Court of Criminal Appeals’ reasonable interpretation of its first decision in this matter. According to that court, [.Apieella III ] had effectively remanded the cause only for a limited eviden-tiary hearing. It did not undo the trial court’s entire judgment, and it did not open the entire case to reexamination via an amended petition under Rule 32.7(b) of the Alabama Rules of Criminal Procedure.’
“State’s brief, at 18. We disagree.
“The Court of Criminal Appeals stated in Apieella IV:
“ ‘[Although [Apieella III ] clearly set forth the directions on remand regarding the trial court’s need to conduct an individualized sentencing determination, we now question whether that opinion was incorrectly released stating that the judgment of the circuit court was “Reversed and Remanded.” [Apieella III ], 945 So.2d at 492. That judgment signified a final disposition of the appeal [of the December 2004 judgment] in its entirety and does not seem consistent with the directives in the opinion. It appears that the correct judgment line should have stated “Remanded with Directions” to signify that the final disposition of the appeal would occur after the circuit court complied with the directions and returned the case to this Court for completion of the appellate review.’
“Although the Court of Criminal Appeals may have doubts about the propriety of its judgment in Apieella III, that judgment was unambiguous, and its effect cannot be ignored. The court clearly *reverse[d] the trial court’s summary dismissal of Apicella’s petition for post-conviction relief and ... remand[ed] the cause for further proceedings.’ 945 So.2d at 491. Thus, when Apieella filed his third amended petition, no final judgment was in effect, and Ex parte Rhone *96 must govern the consideration of that amended petition.
“For these reasons, we find that the Court of Criminal Appeals’ decision in Apicella IV conflicts with Ex parte Rhone. Therefore, we reverse that judgment and remand the case to the Court of Criminal Appeals with instructions for that court to review the trial court’s decision to strike Apicella’s third amended Rule 32 petition in light of the principles set forth in Ex parte Rhone and Ex parte Jenkins.”
87 So.3d at 1150-55 (some emphasis added).
Here, just as in Ex parte Apicella^ this Court, in Ingram V, specifically “reverse[ed] the circuit court’s judgment and remand[e]d th[e] case to that court for proceedings ... consistent with the Alabama Supreme Court’s opinion.” 51 So.3d at 1126. Regardless of the propriety of that judgment, it “was unambiguous, and its effect cannot be ignored.” Ex parte Apicella, 87 So.3d at 1154. By reversing the circuit court’s judgment, this Court returned the parties to the positions they were in before the June 8, 2004, summary dismissal of Ingram’s first amended petition. Because no judgment was in effect after this Court’s reversal, Rule 32.7(b) did not prohibit the circuit court from allowing Ingram to file a second amended petition. Likewise, nothing in the Alabama Supreme Court’s opinion in Ingram IV or this Court’s opinion in Ingram V prohibited the circuit court from allowing further amendments after reversal. Therefore, the circuit court erred in finding that it had no authority to allow Ingram to file a second amended petition.
Rather, as the Alabama Supreme Court explained in Ex parte Apicella, the circuit court should have considered, and this Court is required to consider in reviewing this issue, the principles in Ex parte Rhone, 900 So.2d 455 (Ala.2004), and Ex parte Jenkins, 972 So.2d 159 (Ala.2005), regarding amendments to Rule 32 petitions. Ex parte Rhone and Ex parte Jenkins make clear “that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition,” Ex parte Rhone, 900 So.2d at 458, and that while “the concepts of ‘undue delay’ and ‘undue prejudice’ ... apply to the trial court’s management of its docket and to the petitioner’s attention to his or her case, [tjhose concepts cannot be applied to restrict the petitioner’s right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.” Ex parte Jenkins, 972 So.2d at 164.
The State makes no argument in its brief on appeal, nor did it make any argument to the circuit court, that allowing Ingram to file a second amended petition after this Court’s reversal in Ingram V would have caused undue prejudice or undue delay,[2] and the record contains no *97 indication that any such prejudice or delay would have resulted if the circuit court had granted Ingram’s motion to file his second amended petition.
Ingram’s counsel indicated at the October 15, 2010, status conference, and the second amended petition Ingram filed with his motion to reconsider reflects, that the second amended petition abandoned several of the claims that had been raised in the first amended petition. The abandonment of several claims would be beneficial, not prejudicial, to the State. Although the second amended petition did include one new claim not previously raised and included more specific factual allegations to support many of the claims, “a new claim does not automatically result in undue prejudice to the State,” and although “having to respond to an amendment, in any circumstance, would certainly cause some marginal prejudice to the State, we cannot say that merely having to respond to an amendment, alone, constitutes undue prejudice to the State.” Broadnax, 987 So.2d at 640.
Moreover, as noted previously, Ingram’s initial request to file a second amended petition was included in his first amended petition in 2002, and his counsel reiterated that request at the status conference on October 15, 2010. Indeed, Ingram’s counsel stated at the status conference that she had already drafted the second amended petition and was prepared to file it immediately. However, after much discussion, the circuit court instructed Ingram’s counsel not to make any additional filings, other than the brief specifically requested by the court, until after it had determined whether it had the authority to allow an amendment. The circuit court summarily dismissed Ingram’s petition some six weeks later, at the same time it denied Ingram’s request to file a second amended petition. Ingram’s request to file the second amended petition was not made on the eve of the circuit court’s dismissal of his petition and, had the circuit court properly determined that it had the authority to allow an amendment, there would have been ample time for Ingram to file a second amended petition and for the State to respond to that amendment without causing any undue delay in the proceedings. See Broadnax, supra (no undue delay in proceedings where request for leave to file amended petition was made 45 days before the evidentiary hearing).
Under the circumstances in this case, allowing Ingram to file a second amended petition would not have caused undue prejudice to the State or undue delay in the proceedings. Therefore, the circuit court erred in denying Ingram’s request to file a second amended petition.
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. The 30th day after the ruling was Friday, December 31, 2010, a legal holiday. Therefore, pursuant to Rule 26(a), Ala. R.App. P., the motion was deemed denied the next business day, which was Monday, January 3, 2011. Although the circuit court issued an order on January 5, 2011, purporting to deny the motion to reconsider, because that order was issued more than 30 days after the dismissal of Ingram’s petition, it was void for lack of jurisdiction. See Loggins, supra.

. In passing, the State does note in its brief that "Ingram’s eight-year delay [from 2002 until 2010] in filing [his second amended petition] could be considered unduly long.” (State’s brief, p. 19.) However, the vast majority of those eight years occurred while Ingram's case was pending on appeal in this Court and the Alabama Supreme Court. From July 16, 2004 — the date he filed his notice of appeal from the circuit court’s June 8, 2004, order summarily dismissing his first amended petition — until this Court issued the certificate of judgment on May 28, 2010, Ingram could not have filed a second amended petition because jurisdiction over the case was in the appellate courts, not in the circuit court. See Ex parte Hargett, 772 So.2d 481, 483 (Ala.Crim.App.1999) ("The general rule is that jurisdiction of one case cannot be in two courts at the same time.”). In addition, the remainder of the delay cannot be held against Ingram when, as noted previously, in his first *97 amended petition, Ingram specifically requested leave to file a second amended petition and that request was not ruled on by the circuit court until December 1, 2010, when the court summarily dismissed Ingram’s first amended petition.