BURKE, Judge.
Edward Charles Pickett pleaded guilty in November 2008 to one count of attempted rape in the first degree and to two counts of violating the “Community Notification of Released Convicted Sex Offenders Act,” also known as the “Community Notification Act,” § 15-20A-1, et seq., Ala. Code 1975, and was sentenced as a habitual offender to 30 years’ imprisonment on the attempted rape count and to 20 years’ imprisonment on each count of violating the CNA; the sentences were to run concurrently. Pickett did not file a direct appeal of his convictions.
On April 18, 2014, Pickett filed this, his first, petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. In his petition, Pickett claimed that the Mont *120 gomery Circuit Court lacked subject-matter jurisdiction over his case because the warrant issued by the district court for his arrest was not supported by sufficient probable cause.
On May 2, 2014, Pickett filed a motion to amend and to correct his petition for post-conviction relief. The circuit court denied Pickett’s motion to amend and correct his petition on May 5, 2014. After the State filed a response to Pickett’s original petition on May 16, 2014, the circuit court summarily dismissed the petition. This appeal follows.
On appeal, Pickett contends that the trial court erred by denying his motion to amend and to correct his Rule 32 petition.
“In Ex parte Rhone, [900 So.2d 455 (Ala.2004), the Alabama Supreme] Court stated:
“ ‘Subsection (b) of [Rule 32.7, Ala. R.Crim. P.,] unambiguously grants discretion to the trial court, providing that “Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.” (Emphasis added.) Guiding the exercise of that discretion is the mandate of subsection (d) that “[l]eave to amend shall be freely granted.” (Emphasis added.) However, because the trial court has discretion to refuse an amendment to a Rule 32 petition, we must consider the nature of the factors that would provide a proper basis for such a refusal.
[[Image here]]
“ ““ “[A]mendments should be freely allowed and ... trial judges must be given discretion to allow or refuse amendments.... The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.” Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala.1979) (citations omitted). “The grant or denial of leave to amend is a matter within the sound discretion of the trial judge.... ” Walker v. Traughber, 351 So.2d 917 (Ala.Civ.App.1977).’
“ ‘ “Cochran v. State, 548 So.2d 1062, 1075 (Ala.Crim.App.1989).”
“ ‘[Talley v. State,] 802 So.2d [1106,] 1107-08 [ (Ala.Crim.App.2001) ] (emphasis added). The statements in Talley are consistent with this Court’s prior decisions, as well as with Rule 32.7. Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.’
“Ex parte Rhone, 900 So.2d at 457-58.
“In Ex parte Jenkins, [972 So.2d 159 (Ala.2005),] this Court
“ ‘emphasize[d] that the concepts of “undue delay” and “undue prejudice” as discussed in this opinion and in Ex parte Rhone apply to the trial court’s management of its docket and to the petitioner’s attention to his or her case. Those concepts cannot be applied to restrict the petitioner’s right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.’
“972 So.2d at 164.”
Ex parte Apicella, 87 So.3d 1150, 1153 (Ala.2011).
Here, there is no indication in the record that allowing Pickett to amend his petition would have resulted in any undue delay or undue prejudice. On appeal, the State fails to address Pickett’s claim that he should have been allowed to amend his petition; rather it addresses the propriety *121 of the circuit court’s summary dismissal of 'the petition. The motion to amend was filed two weeks after Pickett filed his petition, and before the State had responded to the petition. Pickett’s motion was not filed immediately before an evidentiary hearing, Ex parte Jenkins, 972 So.2d at 164, and this was his first request to amend. Moreover, although Pickett did not file an amended petition, he moved the court to allow him to do so.
“Whether [the petitioner] actually filed a second amended petition with the circuit court or whether he requested leave from the court to file the second amended petition is a distinction without a difference. In either scenario, the issue whether to permit a second amended petition would have been properly placed before the circuit court. See, e.g., Broadnax v. State, 987 So.2d 631 (Ala.Crim.App.2007) (reversing circuit court’s denial of motion for leave to file second amended petition even though no second amended petition had been filed).”
Ingram v. State, 103 So.3d 86, 91 (Ala.Crim.App.2012). See also Jones v. State, [Ms. CR-11-1832, November 21, 2014] — So.3d - (Ala.Crim.App.2014).
Because allowing Pickett to amend his petition would not have caused undue delay or undue prejudice, the circuit court erred by denying Pickett’s motion to amend his Rule 32 petition. Therefore, the circuit court’s judgment is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.